## Averill *vs.* Williams & Sage.

The plaintiff's attorney in a suit in which judgment is obtained, has no authority, as such attorney, to direct the sheriff what property to levy upon on the execution. Accordingly, where the plaintiffs in an execution were sued in trover by a stranger, for property seized and sold by the sheriff on such execution; *held* that evidence that their attorney in the judgment had directed the sale of the property for which the action was brought did not prove a conversion by the defendants.

TROVER, tried, a second time, at the St. Lawrence circuit in February, 1846, before WILLARD, C. Judge. By the report of the case when formerly before the court, it will be seen that the action was trover for the conversion of a quantity of saw logs claimed to be owned by the plaintiff, which were seized and sold by the sheriff of St. Lawrence county by virtue of an execution in favor of the defendants against Beardsley and Lyon. A new trial was ordered on the ground that it was not proved that the sale was made by the directions of the defendants in this suit, who were the plaintiffs in the execution, nor that they had assented to such sale. (*See* 1 *Denio,* 501.)

On the second trial it appeared that the property was bid off *for* the plaintiffs in the execution (the present defendants) by S. S. Lyon; that he acted by the directions of Chapin, the attorney for the plaintiffs in the execution, who directed the deputy sheriff to take the bid of Lyon as agent of said plaintiffs. There was other evidence which was also relied upon by the plaintiff to connect the defendants with the act of the sheriff, not material to be here mentioned. The defendants moved for a nonsuit which was refused, and they excepted, and then asked the judge to instruct the jury that there was no evidence of a conversion. The judge left the question whether a conversion had been proved to the jury, advising them that it was not enough that the defendants were the plaintiffs in the execution on which the property was sold, but it must appear that they either directed the sale or ratified it with a knowledge of the facts after it had been made. The defendants excepted, and the plaintiff had a verdict.

*J. Edwards,* for the defendants, moved for a new trial on a bill of exceptions.

*C. G. Myers,* for the plaintiff.

*By the Court,* BEARDSLEY, J.   When this case was formerly before us, we held that the defendants were not liable in this action merely because they were plaintiffs in the execution on which the sale was made, (1 *Denio,* 501;) and that point is not now in contest.   A new fact however was shown on the last trial; for it appeared that the attorney for the plaintiffs in the execution was present at the sheriff's sale, and that the bids made by S. S. Lyon for the plaintiffs were made under the direction and express authorization of said attorney.   It was not shown that the attorney had any general or special authority beyond that of an ordinary attorney at law in prosecuting a suit to judgment and execution; and in that character it is plain that he was not authorized to bid for his clients, or to authorize any one else to bid for them.   An attorney has very plenary power in the prosecution of a suit to judgment and execution, and in these respects his acts may bind and conclude his client.   But no interference of his in directing what the sheriff shall sell on the execution, or in assuming to bid, or authorize another to bid, for his client, will make him in any manner responsible for his acts.   What was done in this case by Chapin, the attorney, and by S. S. Lyon, who acted, as far as the case discloses, on the authority of the attorney alone, furnishes no evidence of a conversion by the defendants.   Had it appeared that they subsequently assumed the control of the property struck off to them, or had in any other manner ratified what was so done in their name, a different question would have been presented.   But no evidence was given to show that the property so sold by the sheriff had been interfered with by any person since the sale.   [The learned justice referred to the other testimony relied on to prove a conversion, which he held did not furnish any evidence upon that point, and concluded as follows.]   Upon the whole it seems to me there was not such

evidence given as should be allowed to maintain this action against either of the defendants. The plaintiff therefore should have been nonsuited on the trial.

New trial granted.