JOSEPH OESTRICH AND LEWIS GREENBAUM, APPEL-LANTS, *v.* WILLIAM R. GILBERT AND STEPHEN J. WEAVER, IMPLEADED, ETC., RESPONDENTS.

*Attachment — seizure of property under — Client, when liable for acts of attorney — ratification.*

In an action in the Marine Court of the city of New York, the attorney for the plaintiffs procured an attachment to be issued against the goods of the defend-ant therein, and delivered the same to a marshal with directions to seize and remove such goods as should be pointed out by one Walker, a clerk of the said plaintiffs. In accordance with the directions of Walker certain goods of the plaintiffs in this action were, against their objection and protest, taken and removed from their store as the goods of the defendants in the first action, and subsequently the said attorney refused to allow the plaintiffs herein to appraise the said goods.

In an action against the plaintiffs in the former action to recover the value of the said goods the plaintiffs herein were nonsuited. *Held,* that this was error: (1), because the defendants (plaintiffs in the former action) were responsible for the acts of their attorney in directing the seizure of the goods,*and (2), because there was sufficient evidence of ratification on their part to require the case to be submitted to the jury.

The principle that after the entry of a judgment in an action and the issue of an execution thereon, the attorney for the plaintiff cannot bind him ·by directing the sheriff to make a levy upon the property of a third person, has no applica-tion to the case of an attorney procuring an attachment to be issued in the progress of an action and before the entry of judgment therein. (Per DAVIS, P. J., and DANIELS, J.)

*Averill* v. *Williams* (4 Denio, 395) distinguished.

* See *Welsh* v. *Cochran* (63 N. Y., 181). — [REP.

APPEAL from a judgment in favor of the defendants, entered upon an order made at the Circuit dismissing the complaint herein.

*Ransom & Metz*, for the appellants.

*A. J. Vanderpoel* and *George W. Van Slyck*, for the respondents.

DAVIS, P. J. :

This action is brought by the appellants against the respondents and one Stuart, a city marshal, to recover the value of goods alleged to have been taken from the possession of the plaintiffs by the defendants, and converted to their own use.

The respondents and the city marshal answered separately, and the answer of respondents, after denying substantially the allegations of the complaint, sets up as a defense that in an action brought by them against one Henry Curran, pending in the Marine Court, they sued out a warrant of attachment against Curran, which was delivered to the city marshal, who, by virtue thereof, attached the goods and chattels mentioned in the complaint, and took the same into his custody; that such goods and chattels were the property of said Curran, and that they in no wise took or converted the goods, except as plaintiffs in said action under the attachment, which required the city marshal to attach and safely keep so much of the property of said Curran, as would satisfy the claims of the defendants.

Upon the trial, the appellants gave evidence tending to show that the property in question belonged to them, and that the marshal (Stuart) attached and took it out of their possession; that the attachment was delivered to the marshal by a clerk or employe in the office of the attorney for the respondents, who directed the marshal to attach the property quickly and take it away without putting a man in charge, and to take the instructions and directions of one Walker, who went with the marshal to the place of business of one of the appellants, and pointed out the goods and directed them to be taken. Walker was proved to be a clerk in the store of the respondents, who were merchants in the city. The taking of the goods was protested against by the appellants, and to some extent resisted, and the marshal told Walker that he had better go and see the respondents and tell them how the case stood,

and that he required a bond of indemnity. Walker went away and was gone about half an hour and returned saying: "Take the goods at all hazards," and that the respondents would give any bond the marshal might require. Walker and the marshal thereupon nailed up the cases containing the goods and took them away against the remonstrances of the appellants. They were taken to an auction store where they have since remained. The appellants afterwards called upon the marshal for permission to appraise the goods. The marshal referred them to the attorney of the respondents, and they went to the attorney's office and informed him that they had been sent there by the marshal, to get the privilege of appraising the goods. The attorney said to them, that the marshal had nothing to do with the goods, and that he would let them know afterwards whether they might appraise them. The respondents have not given any bond to the marshal, and were not shown to be connected with the goods otherwise than as above stated. The appellants proved also the value of the goods and then rested. The court, on motion of the counsel for the respondents, dismissed the complaint as to them, on the ground that there was no evidence connecting them with the trespass.

In *Averill* v. *Williams* (4 Denio, 295), it was held that an attorney in a suit in which judgment has been obtained has no authority, as such attorney, to direct the sheriff to levy upon the property of a third person, and that his directions, when property so levied upon is sold by the sheriff, to allow another party to bid off the same in the name of the plaintiff, were not sufficient to charge the plaintiff in an action for the conversion. It was doubtless upon the authority of this decision that the court below nonsuited the plaintiff. It was said in that case, that "an attorney has very plenary power in the prosecution of a suit to judgment and execution, and, in these respects may bind and conclude his client." It was held that after the issuing of execution, the attorney had no authority that would bind the plaintiffs to direct the sheriff upon what property it should be levied. In that case, it is to be observed, that the attorney had completely exhausted his general power by the recovery of the judgment and the issuing of the execution, and what was subsequently done could not properly be considered as an act in the course of conducting the suit. The court recognized the

general rule, that an attorney has power in the prosecution of a suit to judgment and execution, to bind and conclude his client. And in *Newberry* v. *Lee* (3 Hill, 523), where an attorney issued an execution to the sheriff, it was held upon a number of English and American authorities, that where the attorney of record conducts a suit in such a way as to be liable to an action of trespass himself, his client is also liable. The process issued in this case at the suit of the respondent, from the Marine Court, was not an execution of judgment, but a provisional remedy, sued out during the progress of a pending cause. It was placed by a clerk or employe of the respondent's attorney, in the hands of a marshal for execution, and the direction given by the clerk to the marshal, was in substance to seize and immediately remove such property as should be pointed out by Walker. There is no difficulty in treating the act of the clerk of the attorney as that of the attorney himself, especially after his subsequent ratification of the act by declining, as in effect he did, to permit the appellants to take an appraisal of the goods seized. All these acts of the attorney were done in the progress of an action, and before his plenary authority as such attorney had ceased by a final recovery, and it is questionable whether the respondents are not bound by his acts in that stage of the pending suit, upon the general principle alluded to in the case first above cited, and very distinctly declared in *Newberry* v. *Lee*. But it is claimed there is, in respect to the service of the attachment, a strong analogy between that process and the final execution of the judgment, so far as relates to property to be seized under it. It is true that the process in both instances directs the sheriff to take the property of the defendants, and cannot be said to authorize him to levy upon that of a third person; but it is not true that when the interlocutory process of attachment is sued out under the Code, that the general authority of the attorney to represent the plaintiffs in the action, and in all the proceedings taken and to be taken therein, has been exhausted, as it has after final judgment and execution. Hence there is some reason in the different character of the processes for holding that the plaintiffs, in whose behalf such an attachment has been issued, are responsible for the acts of the attorney, and the question cannot be said to have been finally disposed of by *Averill* v. *Williams* (*ubi supra*). There was, however, in this case additional evidence tend-

ing to connect the respondents with the alleged trespass. Walker was acting alone in pointing out the goods, in directing the levy and in ordering the marshal to take and remove them at all hazards. He was brought into immediate connection with the marshal by the attorney of the respondents. He claimed to act as their agent, and he was proved to have been at that time, and to have continued in the employ of the respondents as a clerk in their store. It seems to us under these circumstances, taken in connection with the pleadings in the action, in which the respondents justified under the attachment and averred that the goods seized were the property of the defendant therein, the court ought to have held that there was sufficient to justify the denial of the motion for nonsuit, and to require the respondents to answer and explain the facts and circumstances tending to connect them with the transaction.

We think, therefore, that the complaint was improperly dismissed, and that the judgment should be reversed and a new trial granted, with costs to abide the event.

DANIELS, J., concurred.

BRADY, J.:

I concur in the result, because I think that there was some slight evidence of ratification.

Judgment reversed, new trial ordered, costs to abide event.