# SUPREME COURT.

CHARLES L. GUILLEAUME, plaintiff and appellant, agt. EDWARD ROWE and another, defendants and respondents.

*False imprisonment — action for — Client liable for illegal issuance of execution against the body by attorney — When stipulation not to sue void.*

A stipulation not to sue signed by a person under compulsion, while restrained of his liberty under a process illegally issued, and upon being told by the deputy sheriff that unless he signed he would have to stay in jail a long time, is void for duress.

An attorney, unless restricted, has plenary power in the prosecution of a suit to judgment and execution, and in these respects his acts bind and conclude his client.

If the attorney on record illegally issue an execution against the person, and thereby renders himself liable for false imprisonment, his client is also liable. It is not necessary to show that the defendants authorized the issuing of the execution, or authorized the arrest of the plaintiff.

The authority may be deduced from the nature of the employment, which is to collect the claim by legal process, and the principles of law which regulate the relation of attorney and client are the same as those which regulate principal and agent.

*General Term, March,* 1882.

*Before* SEDGWICK, *C. J.,* FREEDMAN *and* RUSSELL, *JJ.*

APPEAL by plaintiff from judgment dismissing complaint, and from order denying motion made upon judge's minutes for a new trial.

This action was brought to recover damages sustained by reason of a false imprisonment, &c.

In 1871, the defendants doing business as co-partners in this city, under the firm name of C. Doud & Co., brought an action in the supreme court against the plaintiff to recover the sum of $10,000, and judgment was recovered therein on the 12th day of October, 1877, against the plaintiff for the full amount, which judgment was subsequently reversed by the general term.

After the entry of the judgment the defendants' attorneys issued an execution against plaintiff's property, which was returned unsatisfied. Execution was thereupon, against the person of plaintiff, issued by the attorneys for the defendants, and under which the plaintiff was arrested and incarcerated in jail for three days.

The nature of the action did not warrant the issuing of an execution against the person of plaintiff, and the attorneys for the defendants conceded this upon the trial. Upon the trial and at the close of plaintiff's case the defendants moved to dismiss the complaint upon the proof produced, upon the grounds that (conceding that the execution against Guilleaume was void for want of jurisdiction to issue), there is no evidence showing that either of defendants authorized the issuing of the execution, or authorized the arrest of the plaintiff in this action.

The court denied the motion. The defendants then simply offered in evidence a certain release executed while plaintiff was in actual custody, reciting that he (plaintiff) would not in any manner hold defendants liable for the arrest under the said execution.

The evidence in rebuttal showed that plaintiff's discharge from imprisonment was conditioned upon his signing stipulation not to sue.

At the close of the whole case the defendants renewed their motion to dismiss, upon the grounds previously stated.

The court granted the motion, at the same time stating that it did not consider the release binding.

A motion was made for a new trial on the minutes, which was denied.

Judgment having been entered, the plaintiff appealed from it, and from the order denying his motion for a new trial.

*John F. McIntyre*, for appellant, made and argued the following points:

I. The court erred in dismissing the complaint, and by treating the question involved simply as one of law. It was for the jury to draw deductions and inferences from the facts proved and all the evidences in the actions. The evidence that in the action of *Rowe et al.* agt. *Guilleaume*, the attorney who issued the execution against the person of the plaintiff, acted as such attorneys all through the litigation, before and after judgment for *Rowe et al.*, in that action, was sufficient to make the attorneys who issued the execution against the person of the plaintiff *prima facia* the agents of the defendants, and their acts binding upon the defendants, as their plenary authority as such attorneys had not ceased by a final recovery (*Newberry* agt. *Lee*, 3 *Hill*, 523 ; *Brown* agt. *Feeter*, 7 *Wend.*, 301 ; *Oestrich* agt. *Greenbaum et al.*, 9 *Hun*, 243 ; *Broek* agt. *Barnes, ex.*, 40 *Barb.*, 521 ; *Story on Agency, sec.* 45 ; 2 *Kent's Com.*, 612 *and* 613 ; *Paley on Agency, p.* 2 ; *Greenleaf, vol.* 2, *sec.* 64 ; *Fishkill Savings Institution* agt. *The National Bank of Fishkill*, 80 *N. Y.*, 162 ; *N. Y. and N. H. R. R.* agt. *Schuyler*, 34 *N. Y.*, 30 ; *Holden* agt. *N. Y. and Erie Bank*, 72 *N. Y.*, 286 ; *Corning* agt. *Southland*, 3 *Hill*, 536). The release is not a bar to the action (*Greenleaf on Evi., sec.* 302, *vol.* 2 ; *Fisher* agt. *Shattuck*, 17 *Pick.*, 252 ; *Parsons on Contracts, vol.* 1, *p.* 393 ; *Watkins* agt. *Baird*, 6 *Mass. R.*, 506 ; *Strong* agt. *Grannis et al.*, 26 *Barb.*, 122 ; 15 *Johns.*, 256 ; *Richards* agt. *Vanderpoel*, 1 *Daly*, 71 ; 1 *Cow. Tr.*, 264 ; 5 *Hill*, 157 ; *Evans* agt. *Begleys*, 2 *Wend.*, 343 ; *Forshay* agt. *Ferguson*, 5 *Hill*, 154).

*Blumensteil & Hirsch*, for respondents, made and argued the following points:

I. Conceding that the attorneys had no right to issue the execution, and that the process was void, the defendants are not liable for such alleged illegal or unauthorized act (*Welsh* agt. *Cochran*, 63 *N. Y.*, 181; *Clark* agt. *Woodruff*, 83 *N. Y.*, 518–535; *Braso* agt. *Worth*, 40 *Barb.*, 654; *Seymour* agt. *Wyckoff*, 10 *N. Y.*, 213; *Fox* agt. *Jackson*, 8 *Barb.*, 355).

II. The plaintiff expressly stipulated away his right to sue ·or hold the defendants liable.

FREEDMAN, *J.* — The stipulation was not a bar to the action. The uncontradicted testimony showed that the plaintiff signed under compulsion, while restrained of his liberty under a process illegally issued, and upon being told by the deputy sheriff, that unless he signed he would have to stay in jail a long time. It was therefore void for duress.

Upon the proofs adduced by the plaintiff, taken in connection with the concession made by the defendants, that the execution against the person of the plaintiff was issued without warrant in the law, the complaint was improperly dismissed. The evidence fully established that in the action of *Rowe et al.* agt. *Guilleaume*, the attorneys who issued the execution against the person of the plaintiff in this action acted as such attorneys all through this litigation before and after judgment for the plaintiff in that action. This was sufficient to make the said attorneys *prima facie* the agents of the defendants in this action, for, unless restricted, an attorney has plenary power in the prosecution of a suit to judgment and execution, and in these respects his acts bind and conclude his client (*Newberry* agt. *Lee*, 3 *Hill*, 523). In such a case the authority may be deduced from the nature of the employment which is to collect the claim by legal process, and the principles of law which regulate the relation of attorney and client are the same as those which regulate principal and agent. As a general rule a principal is liable for such wrong of his agent as is

committed in the course of his employment and for the benefit of his principal, and this is so, although no express command or priority is proven. (*Fishkill Savings Institution* agt. *The National Bank of Fishkill*, 80 *N. Y.*, 162.) And an act which is adopted as a means of accomplishing the object of his agency, cannot well be extrinsic to the agent's employment.

It is only, therefore, when after having issued execution, the attorney undertakes to give special directions for its enforcement in a manner not warranted by the language of the writ or for which the officer executing the writ may justly decline to take the responsibility in the absence of indemnity, as in *Averill* agt. *Williams et al.* (4 *Denio*, 295), and *Welsh et al.* agt. *Cockburn, et al.* (63 *N. Y.*, 181), that the client can only be held upon poof of special authority to the agent, express or implied, or of subsequent ratification with knowledge of the facts.

In the case at bar no facts were developed sufficient to take the case out of the general rule, and the judgment and order should therefore be reversed and a new trial ordered, with costs to the appellant to abide the event.

