By the Court.—Freedman, J.
The stipulation was not a bar to the action. The uncontradicted testimony showed that the plaintiff signed under compulsion, while restrained of his liberty under a process illegally issued and upon being told by the deputy sheriff that, unless he signed, he would have to stay in jail a long time. It was, therefore, void for duress.
Upon the proofs adduced by the plaintiff, taken in connection with the concession made by the defendants, that the execution against the person of the plaintiff was issued without warrant in the law, the complaint was improperly dismissed. The evidence fully established that in the action of Rowe v. Guilleaume, the attorneys who issued the execution against the person of the plaintiff in this action, acted as such attorneys all through the litigation, before and after judgment for the plaintiffs in that action. This was sufficient to make the said attorneys, prima facie, the agents of the defendants in this action ; for, unless restricted, an *172 attorney has plenary power in the prosecution of a suit to judgment and execution, and in these respects-his acts bind and conclude his client (Newberry v. Lee, 3 Hill, 523). In such a case the authority may be deduced from the nature of the employment—which is to collect the claim by legal process ; and the principles-of law which regulate the relation of attorney and client are the same as those which regulate the relation of principal and agent. As a general rule, a principal is liable for such wrong of his agent as is committed in the course of his employment -and' for the benefit of his principal; and this is so, although no express . command or privity is proven (Fishkill Savings Ins. v. Nat. Bank of Fishkill, 80 N. Y. 162). And an act which is adopted as a means of accomplishing the object of his agency cannot well be extrinsic to the agent’s emplopment.
It is only, therefore, when, after having issued execution, the attorney undertakes to give special directions for its enforcement in a manner not warranted by the language of the writ, or for which the officer executing the writ may justly decline to take the responsibility in the absence of indemnity, as in Averill v. Williams (4 Den. 295), and Welsh Cothran (63 N. Y. 181), that the client can only be held upon proof of special authority to the agent, express or implied, or of subsequent ratification with knowledge of the facts.
In the case at bar no facts were developed sufficient to take the case out of the general rule, and the judgment and order should therefore be reversed and a new trial ordered, with costs to the appellant to abide the event.
Sedgwick, Ch. J., and Russell, J., concurred.