## AVERILL *vs.* WILLIAMS & SAGE.

Where a sheriff seizes and sells the personal property of one person upon an execution against another, an action will not lie against the plaintiff in the execution, who did not direct and has not assented to the seizure or sale.

TROVER, tried at the St. Lawrence circuit in May, 1843, before WILLARD, C. Judge.

The plaintiff claimed to recover for the conversion of a quantity of pine saw-logs, which had been seized and sold by the

sheriff of St. Lawrence county upon an execution issued upon a judgment in this court in favor of the defendants against Beardsley & Lyon. The logs had been cut upon the plaintiff's land by Beardsley & Lyon, pursuant to a contract entered into between the plaintiff and one Shepard; by the terms of which, the property in the timber was to remain in the plaintiff until the performance of certain conditions on the part of Shepard. Beardsley & Lyon got out the logs under a contract between them and Shepard. Much of the testimony related to the alleged performance of the conditions; but no question of general interest arising upon that part of the case, this testimony is not necessary to be stated. It appeared that one of the defendants in this suit resided at Utica and the other at Albany, and that neither of them was present at the sale. The logs were bid off by one S. S. Lyon, for the plaintiffs in the execution, the defendants in this suit. When the plaintiff rested, an objection to the recovery was made on behalf of the defendants, and disposed of as stated in the opinion of the court.

At the close of the testimony, the defendants' counsel insisted and requested the judge to charge that there was no conversion of the property by the defendants, or either of them, proved. The judge declined so to charge, but on the contrary instructed the jury that the selling of the logs on the execution of the defendants against Beardsley & Lyon was sufficient evidence of a conversion by them, inasmuch as they as plaintiffs in the execution were responsible for what was done under it; and that it was to be presumed that they had directed the sale. The defendants' counsel excepted. The defendants moved for a new trial on a bill of exceptions.

*James Edwards,* for the defendants.

*Francis Kernan,* for the plaintiff.

*By the Court,* BEARDSLEY, J. The logs in question were sold by the sheriff of St. Lawrence on an execution in favor of the defendants in this suit against Beardsley & Lyon. One of

the present defendants lived in Albany and the other in Utica; and neither was present at the sheriff's sale. The bill of exceptions states that the logs were bid off by S. S. Lyon for these defendants; but there was no evidence to show that he had been authorized to make the purchase for them, nor did it appear they had since in any manner interfered with the logs. When the plaintiff rested his cause, the defendants' counsel objected that no conversion by the defendants had been proved; but the objection was overruled, the judge observing "that conversion is proved by the sale." The same objection was renewed at the close of the testimony and again overruled, the judge charging the jury "that the selling on the execution of the defendants against Beardsley & Lyon was sufficient evidence of a conversion by them, inasmuch as they as plaintiffs in the execution were responsible for what was done under it, and it was to be presumed that they had directed the sale." The defendants' counsel excepted.

Had it appeared that Lyon was authorized by the defendants to purchase the logs for them at the sheriff's sale, his purchase as their agent would have been evidence of a conversion by them. But this was not proved, and the charge placed the defendants' liability on other and distinct grounds. The jury were instructed that the sale of the logs on an execution in favor of these defendants was alone sufficient evidence of a conversion by them, and that for two reasons: *first*, that as plaintiffs in the execution, they were responsible for what was done under it; and *secondly*, it was to be presumed they had directed the sale of these logs.

This charge, in my opinion, cannot be upheld. The plaintiff in an execution certainly is not responsible for whatever the officer may do under it. The reverse is the rule; for supposing the execution to be legal, which in this case was not questioned, the party in whose favor it issued is only responsible so far as he directed or assented to the doing of the act complained of. Thus, where the goods of A. are taken by the sheriff on an exetion against B., no action will lie against the plaintiff in the execution unless he interfered with the levy, or assented to what

had been done by the officer. (1 *Chit. Pl. 7th Am. ed.* 91, 92.) Nor am I aware of any such principle as that the plaintiff in an execution is *presumed* to have directed the seizure and sale of such property as is sold upon it by the sheriff. The law does not presume any one to be a wrongdoer. When a sheriff therefore levies an execution against A. on the property of B., by which act the sheriff makes himself a trespasser, the law will not, on any principle of presumption, impute that trespass to the plaintiff in the execution.

In this part of the charge I think the learned judge erred, although in all other respects his views seem to me correct. There was certainly.room for doubt and controversy as to the event which was to work a transfer of the plaintiff's property in the logs. His original title was placed beyond controversy, so far as respects these parties; and looking to the various parts and portions of the written contract between the plaintiff and Shepard, upon which this question arises, I am satisfied the plaintiff's title was to remain unimpaired until the two thousand dollars and interest were fully paid. That payment had not been made, and the plaintiff's title remained in full force. But a new trial must be had for the misdirection on the point of conversion.

New trial ordered.