CATHARINE KING, Respondent, v. SECOND AVENUE RAILROAD
            COMPANY, Appellant.

*Evidence — statement as to what another "tried" to do — opinion as to another's
    health — ascertaining the positiveness of one's own witness.*

An error, in a witness' stating what a person "tried" to do, instead of stating
    what he did, is cured and rendered harmless by the court's ordering a like
    statement stricken out, on its repetition by the witness after he had been
    instructed to confine his statement to what the person did and to omit stating
    what he tried to do.

An opinion whether a person is apparently in better or worse health does not
    require any medical skill or training, but the competency thus to characterize
    another's condition is gained by ordinary experience and observation.

When a witness on cross-examination, from present recollection and accom-
    panied with the statement that he cannot recollect whether he so testified on a
    previous occasion, testifies that some years ago the party who called him as a
    witness made a statement to him different from that testified to by other wit-
    nesses on the same side, it is competent for the party who called him to show
    by him, on redirect examination, how certain or fixed his recollection is, and as
    to whether or not he wishes to be understood positively or as giving, after
    some years, his best recollection.

The admission of such competent testimony is not rendered erroneous by the fact
    that it was permitted to be elicited by a question which was objectionable in
    form as leading.

APPEAL by the defendant, the Second Avenue Railroad Company,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the city and county of New
York on the 6th day of June, 1893, upon the verdict of a jury
rendered at the New York Circuit, and also from an order entered
in said clerk's office on the 14th day of June, 1893, denying the
defendant's motion for a new trial made upon the minutes.

*Payson Merrill,* for the appellant.

*George H. Hart,* for the respondent.

O'BRIEN, J.:

This action was brought to recover damages for personal injuries
to plaintiff, claimed to have been suffered by reason of an assault
made upon her by one of the defendant's conductors while she was

riding as a passenger upon one of its cars. The plaintiff's evidence tended to show that the conductor, without any cause and while under the influence of liquor, first insulted and then assaulted the plaintiff, while that of the defendant tended to show that at the time of the occurrence plaintiff was excited by liquor, and that when the car stopped she would not get off, but remained standing in the car talking, and that when it started she fell over onto the seat. Witnesses were examined to support these respective contentions, and the jury having determined in plaintiff's favor upon sufficient evidence, their verdict is conclusive.

The defendant, however, strenuously urges upon this appeal that the result was reached by erroneous rulings made by the trial judge in admitting and excluding evidence.

During the course of her narrative the plaintiff testified as follows: "He (the conductor) came around and grabbed me by both arms and dragged me to my feet, and tried to throw me off the car." When she had concluded her story a motion was made to strike out the statement above quoted, which was denied. Though the exception to this ruling be held good, we think the error was cured by what immediately thereafter occurred. The witness was instructed to state what the conductor did, and to omit stating what he tried to do; and upon the witness again narrating the occurrence, using the same language about the conductor trying to pull her off the car, and upon the defendant's counsel moving to strike out the words, the motion was granted. Thus the jury's attention was called to the fact that such evidence was not proper, and by the judge's rulings were apprised of the fact that it was out of the case and not to be considered.

The next error claimed relates to a question asked by defendant's counsel on cross-examination of plaintiff, which it is insisted should have been allowed. The plaintiff was being cross-examined as to whether or not she permitted those who occupied her house as lodgers or tenants to bring liquor therein, and after this had been fully gone into, and she had stated that she did not allow it if she knew it, the following question was asked: " Did you endeavor to stop it on the night when Mrs. Julia Ward O'Connell was killed? " It had been shown prior to this question being asked, that a woman named O'Connell had died in plaintiff's house, which it appears was

fitted up in furnished rooms and thus occupied by tenants. An inquiry as to what occurred on the night when Mrs. O'Connell was killed was entirely irrelevant and immaterial. Plaintiff was in no way connected with that occurrence beyond the fact that she had rented her rooms to O'Connell and his wife, and that while they so occupied them the latter had died, as it would appear, at the hands of her husband, who was subsequently imprisoned, being held responsible in some way for her death.

A witness for plaintiff, on her direct examination upon the subject of what she observed subsequent to the injury as to the physical condition of the plaintiff, after stating that she complained and moaned all night, went on to say that upon the next and the day thereafter the plaintiff was worse. While this to some extent may be regarded as a statement of a conclusion by the witness, it was after all but the expression on the witness' part of what she observed, and we do not think that the admission of such testimony, appearing as it did in the course of a statement by the witness of what she observed as to the condition of the plaintiff during the two or three days succeeding the occurrence, was prejudicial error, because the opinion whether one is apparently better or worse does not require any medical skill or training, but the competency thus to characterize another's condition is gained by ordinary experience and observation.

The next exception, and which is the one upon which most stress is placed by the appellant, is to the allowance over objection of a question put by plaintiff's counsel upon the redirect examination of Dr. Milne, who was plaintiff's attending physician, and was being examined as a witness on her behalf. Upon cross-examination this witness had been asked to state what he was told as to the place where the fœtus after the miscarriage had been deposited; and he had stated that plaintiff had told him that the miscarriage had occurred while sitting in the closet previous to his arrival. He further stated, however, that it was some years since the occurrence, and that he could not remember whether he gave the same testimony at the police court, but that he was testifying from present recollection. On the other hand, all the plaintiff's witnesses, except this doctor, had testified that it had occurred in the room. Upon the redirect the doctor was asked if he might not have been told

by plaintiff that it was deposited in a vessel and afterwards taken into the closet. Having in mind his previous testimony that he was not very positive, it was entirely competent to show how certain or fixed was the doctor's recollection, and as to whether or not he wished to be understood as testifying positively, or as giving after some years his best recollection. While the objection to the form of the question as leading was good, we think that as the testimony itself was competent, and it was the right of the plaintiff to have elicited the fact as to how fixed or positive was the doctor's recollection, and as the form itself is always a matter in the discretion of the trial judge, the exception must fall.

Another ruling brought in question is the admission over defendant's objection of the question to one of the physicians as to whether in his opinion the plaintiff would ever be able to bear children, to which he answered no; and this was followed by another question to state whether or not with reasonable certainty the condition of the plaintiff would improve. The doctor, in answer to this latter question, gave the facts upon which his opinion on the first question was based, by saying that the plaintiff in some respects would not improve, because she " has begun to pass the change of life caused by the constriction or the want of blood to the organs at that time," and that such change is called the grand climacteric, which term the doctor fully explained to the jury. It being shown, therefore, that, although the question itself called for an opinion, the doctor stated fully the facts upon which such opinion was based, and spoke on a subject concerning which a medical man could testify with reasonable certainty.

The final error assigned is to the exclusion of a question asked one of plaintiff's witnesses on cross-examination. Another witness for the plaintiff had testified that the conductor approached the plaintiff by the westerly running board of the car, while the witness then being examined had stated that the conductor was on the easterly running board. He was then asked if he had heard the other witness testify directly contrary to his own statement, to which objection was made and the question excluded. We have frequently had occasion to say that the extent to which cross-examination shall be permitted is within the discretion of the trial judge, and we do not think, after both witnesses had given their recollection as to

the position of the conductor, it made any material difference whether the witness on the stand had heard another witness testify directly to the contrary or not. It is true it might have some bearing upon the question of credibility, and ordinarily some latitude is allowed for the purpose of testing the same. But in the state of this record we can say, in concluding, what applies with respect to this objection and to all the others which we have examined at the request of the appellant, that none of them is so serious or meritorious as to require of us a reversal of this verdict, involving, as it would, the labor, expense and delay of a new trial, when it is not made to appear that any prejudice or injury has resulted to the defendant, and where the verdict in other respects appears to be right.

We are of opinion, therefore, that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.