FRANK SAUMBY, an Infant, etc., Respondent, *v.* THE CITY OF ROCHESTER, Appellant.

In an action to recover damages for personal injuries resulting from defendant's negligence, it appeared that about six months after the accident causing the injury plaintiff's eyes began to be affected, he being unable to see clearly. Plaintiff went to a doctor, who told him the trouble was far-sightedness, which the use of glasses would remedy. An expert oculist called by defendant testified that he had examined plaintiff's eyes and that they were wholly uninjured, but far-sighted. The court was asked on behalf of defendant, but refused, to charge that there was no evidence justifying the jury in finding that the condition of plaintiff's eyesight was attributable to the injury. *Held*, error; that the question was one entirely outside of ordinary experience and only capable of being answered by scientific skill, and, as this answer was adverse to plaintiff's claim, there was no question for the jury.

*Saumby* v. *City of Rochester* (72 Hun, 489), reversed.

(Argued January 24, 1895; decided February 26, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 20, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries received by plaintiff by reason of the alleged negligence of defendant in failing to guard an excavation made by it in one of its streets.

The facts, so far as material, are stated in the opinion.

*Thomas Raines* for appellant. The court erred in refusing to grant the defendant's motion for a non-suit. (*Tucker* v. *N. Y. C. & H. R. R. R. Co.,* 124 N. Y. 308; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.,* 58 id. 248; *Wendell* v. *N. Y. C. & H. R. R. R. Co.,* 91 id. 420; *Tucker* v. *N. Y. C. & H. R. R. R. Co.,* 124 id. 308; *Lennon* v. *N. Y. C. & H. R. R. R. Co.,* 65 Hun, 578; *Walker* v. *Town of Reidsville,* 96 N. C. 382; *Parker* v. *City of Cohoes,* 74 N. Y. 610.) The exception to the refusal of the request to charge that there is no evidence in this case which would justify the jury in finding that the condition of the plaintiff's eyesight, aside from any twitching of the lids, is attributable to the injury from this accident is well taken. (*Leitch* v. *A. M. Ins. Co.,* 66 N. Y. 108; *Cornish* v. *F. B. F. Ins. Co.,* 74 id. 298; *Frale* v. *N. Y., L. E. & W. R. R. Co.,* 143 id. 188.)

*P. Chamberlain, Jr.,* for respondent. The notice of claim served upon the city was sufficient under the provisions of the statute. (Laws of 1890, chap. 561, § 18; *Paddock* v. *City of Rochester,* 39 N. Y. S. R. 682.) The defendant's negligence and liability was fully proven and properly submitted to the jury. (*Bruso* v. *City of Buffalo,* 90 N. Y. 608; *Groves* v. *City of Rochester,* 39 Hun, 5; *Wilson* v. *City of Troy,* 135 N. Y. 96.) The question of plaintiff's contributory negligence was properly submitted to the jury. (*Pettingill* v. *City of Yonkers,* 116 N. Y. 588; *Morrison* v. *B. & S. A. R. R. Co.,* 130 id. 66; *Clifford* v. *Dam,* 81 id. 52.)

FINCH, J. The evidence in this case raised questions of fact for the jury, both as to the alleged negligence of the defendant and the absence of contributory negligence on the part of the plaintiff. Neither question could be answered as

one purely of law. In the process of paving a street with asphalt and laying the necessary sewers, the agents of the city made an excavation in the unflagged portion of the sidewalk, next to the curb, and there is proof tending to show that it was left unguarded. The plaintiff, who was about thirteen years of age, fell into it and was injured. The accident occurred in the early dusk of the evening, and it is probable that the plaintiff stumbled over the earth about the opening and in his fall struck his face against the curb, for one tooth was broken off another driven up into his jaw, and his lip seriously cut.

But there was manifest error in the refusal of the court to charge upon the question of damages as requested by the defendant. A claim was made on the part of the plaintiff that the injury had harmed his eyes and affected his sight. There was no adequate proof of any such fact. It appeared that about six months after the accident the plaintiff's eyes began to be affected. There was a twitching of the lids and an inability to see clearly. He went to Dr. Rider, who told him that the trouble was far-sightedness, which glasses would remedy, and he has used them more or less from that time. The plaintiff did not call Dr. Rider. The defendant called Dr. Burke as an expert oculist. He had examined plaintiff's eyes with an opthalmoscope, and pronounced them wholly uninjured, but far-sighted. He added that the difficulty was congenital, but might not reveal itself until some age was reached or some occupation trying to the eyes was adopted. On that state of facts there was no proof whatever that injury to the eyes came from the accident. That it developed after the event shows only a sequence in point of time, and not necessarily one of cause and effect. In that state of the proof the court was asked to charge on behalf of the defendant that there was no evidence in the case which would justify the jury in finding that the condition of the plaintiff's eyesight, aside from any twitching of the lids, is attributable to the injury from the accident. The request was refused and the defendant excepted to the refusal. As a result, the jury were allowed to guess or imagine that

plaintiff's defect of sight was caused by the accident, simply because it supervened after the occurrence, and in the face of the uncontradicted evidence of the expert to the contrary. The question was one entirely outside of ordinary experience and only capable of being answered by scientific skill, and that answer was adverse to the plaintiff's claim. There is often, in this class of cases, a tendency to aggravate in the proof the consequences of an injury with a view to enhance the damages, and the tendency is one quite difficult for a defendant to protect himself against. While a plaintiff should be always allowed in a proper case to show fully the damage which he has suffered, he should not be permitted to prove physical defects, having no known or proven connection with the injury, simply because they manifested themselves at some time thereafter, and then to ask the jury to supply from their imagination the lack of proof. That was permitted in this case, and it was an error for which the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except HAIGHT, J., not sitting.

Judgment reversed.