(49 App. Div. 64.)

ROMMENEY v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. March 20, 1900.)

1. MUNICIPAL CORPORATIONS—NEGLIGENCE—BUILDING MATERIAL IN STREET.
　　Where contractors obtained a permit from the department of city works to place building material in the street, but not to occupy more than one-third of the carriageway, and ordered sand, which was piled in the street, so that it extended more than halfway across, and so remained for several weeks, and on the night of the accident no lantern was placed on it to warn the public of its presence, and a teamster was killed by driving on it and overturning his wagon, the jury were justified in finding both the contractors and the city guilty of negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.
　　Where a driver was killed by the overturning of his wagon, from driving on a pile of sand in the middle of the street, on which no lantern was displayed to warn him of its presence, the jury was justified in finding him not guilty of contributory negligence.

3. SAME.
　　Where contractors ordered sand, but after it was unloaded in the street, in front of where they were erecting a building, claimed that it was not the kind they had bought, and directed the vendee to remove it, which was not done, and an accident occurred from its presence in the street, the

contractors are liable for the injury, since they were primarily responsible for its existence in the street.

4. TRIAL—INSTRUCTIONS—REFUSAL.

Where the trial court had given an instruction, covering every legal feature, on one branch of the case, to which the defendants were entitled, it was not error to refuse other instructions in respect to the same subject-matter.

5. SAME—BURDEN OF PROOF.

An instruction that if the jury should find the theory of the plaintiff "more acceptable," "more probable," and "more consistent" with their experience than the theory advanced by the defendants, the verdict should be for the plaintiff, is erroneous, since the burden of proof is not as to whether one theory is "more acceptable" than the other, but which theory is supported by the evidence.

Woodward, J., dissenting.

Appeal from trial term, Kings county.

Action by Fredericka Rommeney, as administratrix, against the city of New York and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

William J. Carr, for appellant city of New York.
Charles J. Patterson, for appellants Burkard & Meyer.
S. S. Whitehouse, for respondent.

HATCH, J. The proof upon the part of the plaintiff tended to establish, and the jury were authorized to find, that the defendant city of New York was so far responsible for the condition which was created in the street as to constitute negligence upon its part in permitting the condition to exist, so that, under the proof, liability was properly charged against it. So far as the defendants Burkard & Meyer are concerned, the evidence was sufficient from which the jury were authorized to find that they were responsible for the existence of the pile of sand in the street, that the same constituted a dangerous obstruction, and that its position therein was unauthorized by any permit under which they claimed the right to obstruct the street. The fact that these defendants were engaged in building, and that the obstruction in the street was of building material, authorized the inference that they had placed it there. Lowner v. Railroad Co. (Mass.) 55 N. E. 805. The evidence also justified the jury in finding that the deceased was guilty of no contributory negligence which prevented a recovery. Upon the main questions, therefore, the right to recover was established.

Several questions, however, arose upon the trial, which, in view of the disposition we make of the case, seem to require consideration. It was claimed by the defendants Burkard & Meyer that for the obstruction in the street which caused the injury they were not responsible. This claim was based upon evidence tending to establish that these defendants had ordered material from a third party for the construction of a concrete sidewalk; that when the material was delivered it was examined by them and condemned, and direction was given to cart the same away, and not unload it in the street. This direction was not obeyed, but, in opposition to the wishes and express

direction of these defendants, the material was deposited in the street, and there remained until the time of the accident, and became the producing cause of it. Upon this testimony these defendants insist that, as they were not responsible for depositing the material in the street, no obligation was imposed upon them in respect thereto, and that they could not be made liable for any accident which occurred on account of it. We may observe, upon this question, that the evidence was abundant to establish that the injury was occasioned by the sand which these defendants had directed to be deposited in the street; and this being the condition of the proof, and the court having properly submitted the rights of the parties, in a charge covering both features of the case, the defendants could not complain. Assuming, however, that the pile of material which caused the injury was deposited in the street under the circumstances claimed by the defendants, we do not think that they would be relieved from the obligation of properly protecting persons lawfully exercising the right of use of the street as against the same. Laying aside the question of what the rights, liabilities, and duties of these defendants were under their permit to make use of the street, as to all material which might be deposited therein during their occupation of it, the case would still remain as one where the parties themselves were primarily responsible for the presence of the material, under their own statement and proof. They were the moving parties in causing the material to be brought to this place; they ordered it and expected it to be brought and left there, in consequence of which they were responsible for its presence; and even though they objected to its being placed in the street, they could not absolve themselves from the obligation, after it was deposited, which they owed to the traveling public, of properly protecting them from an obstruction which they (these defendants) had been instrumental in causing. Whatever may have been the rights and liabilities as between these defendants and the person from whom the material was ordered, they cannot avail to shelter them from the obligation of taking care for the protection of persons lawfully in the street, although they had objected to the deposit of the material therein. To relieve from liability under such circumstances would permit an utter disregard of the rights of the traveling public, in favor of a contractor who had a permit to incumber the street. It is doubtful, however, if this question is in this case; for the reason that the court charged, in terms as broad as the claim was made, and with the consent of the plaintiff, that no liability would attach to the defendants under such circumstances. Subsequently the defendants requested the court to charge, upon the exact facts which they claimed their evidence established, that they would be relieved from liability, and the court refused so to charge. We do not think that the refusal to charge this request presented any legal error, for the reason that the request which had been already charged covered every legal feature upon this branch of the case to which the defendants were entitled; and, having once charged fully in respect to the subject-matter, the court was not bound to again reiterate it in other language. But if it were otherwise, as we have already observed, the defendants for this reason would not be relieved from obligation.

The charge as made also cures any error found in the refusal to charge that, if the light was put up to warn the public of the presence of the mortar box, it would not justify an inference of an assumption of control over and responsibility for the pile of sand. But the court had already charged that if this was the material, to the deposit of which in the street the defendants had objected, they could not be held liable for injury sustained thereby. If it was in fact not such material, then the refusal so to charge was not error.

We should find little difficulty in supporting this judgment, were it not for what we regard as a fatal error in the charge of the court upon the question of the burden of proof. Upon this subject the court charged in the following language:

"You must find that the plaintiff has maintained the burden of proving every essential fact by the greater weight of evidence; that is, that the theory submitted to you for your adoption, upon the part of the plaintiff, is more probable than the theory advanced upon the part of the defendants. So, if you reach that conclusion, that the plaintiff has maintained the burden of proof placed upon her by law, she has established her case by a greater weight of evidence. All that means is that the theory presented to you by the plaintiff must be more acceptable, more probable, and more consistent with your experience than the theory advanced by the defendants. If it is not, she fails."

To this charge an exception was taken. We do not think that this part of the charge can be sustained. It is the well-settled rule that the burden of proof which is charged upon the person who asserts the fact requires that the jury shall be satisfied from the whole case that the fact is proved, and if, from the whole case, the jury are not satisfied that the fact is established, the asserting party fails in bearing the burden. Heinemann v. Heard, 62 N. Y. 448. In the present case the jury were told that if the theory presented by the plaintiff was "more acceptable, more probable, and more consistent," she would answer the requirement of the proof. It might well be that one theory of a case was more acceptable, probable, and consistent than another, and yet be unsupported by a preponderance of evidence, or so far supported by the evidence as to entitle the party to recover, or it might well be that one theory was more acceptable, probable, and consistent than another, and yet neither be sufficiently supported to warrant a finding that either theory was proven. The vice of this charge consists in defining the burden of proof as limited to a theory acceptable, probable, and consistent. It cannot be so limited, for the reason that a recovery would be authorized when the case, although in theory presenting all of these elements, is still unproved. The burden of proof requires the establishment of the fact, and, although the theory may meet every element suggested by the learned court for its support, it would not necessarily rise to the dignity of proving the plaintiff's right to recover, and without such proof the case would not be established. Tayl. Ev. (9th Ed.) p. 276; Whitlatch v. Casualty Co., 149 N. Y. 45, 43 N. E. 405; Meagley v. Hoyt, 125 N. Y. 771, 26 N. E. 719. This error cannot be regarded as harmless, even though the charge of the court in other parts correctly conveyed to the jury the obligation resting upon the plaintiff. The court made a definition in what the burden of proof consisted, which was not in any respect

otherwise qualified or explained. The definition left the jury to find a verdict, and make application of the rule, even though the case was not proved by a preponderance of evidence. That this was error, the authorities establish, and for such error the judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except WOODWARD, J., who dissents.

WOODWARD, J. (dissenting). I am unable to concur with Mr. Justice HATCH in so far as he finds it necessary to reverse the judgment in this action upon the charge of the learned trial court. It seems to me that we are in danger of refining the rules of law to the point of impracticability when we undertake to say that the charge of the trial court shall conform to the exactness which we have a right to expect in a text writer, where there is not the remotest probability that the party appealing has suffered by reason of the error alleged.

The action is one for damages sustained by the plaintiff's intestate by reason of the alleged negligence of the defendants, and the question arises upon the charge of the learned justice at trial term, who told the jury that:

"You must find that the plaintiff has maintained the burden of proving every essential fact by the greater weight of evidence; that is, that the theory submitted to you for your adoption, upon the part of the plaintiff, is more probable than the theory advanced upon the part of the defendants. So, if you reach that conclusion, that the plaintiff has maintained the burden of proof placed upon her by law, she has established her case by a greater weight of evidence. All that means is that the theory presented to you by the plaintiff must be more acceptable, more probable, and more consistent with your experience than the theory advanced by the defendants. If it is not, she fails."

It is true, of course, that, considered abstractly, this is not the law. The question is not whether this or that theory is the more probable, but whether the evidence supports one or the other of the theories presented. But a reading of the charge as made by the learned court shows clearly that the language was not used in the sense of limiting the burden of proof. Throughout the charge there is a consistent and sustained effort on the part of the court to impress upon the minds of the jurors that the plaintiff must sustain the burden of proof upon all of the essential facts necessary to constitute her cause of action. The jury were told, "If the plaintiff has failed to establish by the greater weight of evidence these two propositions, then she cannot succeed in this action;" that, "The plaintiff here having the burden of proof;" that, "The burden is with the plaintiff upon that disputed question of fact, the same as it is on the other questions to which I have called your attention;" that, "If you reach the conclusion that the plaintiff has failed to establish by the greater weight of evidence that this street was used," etc. After the use of the language complained of, the court explained to the jury the theories on the controversy advanced by both parties, and continued:

"These are the contentions of the respective parties. It is for you to say which of the parties has maintained the truth of their respective contentions. The burden rests upon the plaintiff to establish her theory by the greater

weight of evidence, and, if you are in doubt as to which of those theories shall prevail, then your verdict would have to be for the defendants, for the reason that the law has placed the burden upon the plaintiff to establish her case by the greater weight of evidence. * * * It is your duty to recall to your minds all the evidence, in determining the rights of these parties. If you shall say that the plaintiff has maintained the burden which the law has cast upon her, and to which I have called your attention, and that these different propositions have been established by the greater weight of evidence, then you come to the question of the amount of damages," etc.

It can hardly be successfully maintained that the charge left any confusion in the minds of the jury upon the true rule of law applicable to this case. The learned court merely intended to call the attention of the jurors to the conflicting theories, and to say to them that it was their duty to determine from the evidence, in connection with their common experience, whether the plaintiff had sustained the burden of proving by the greater weight of evidence the truth of her theory. The court was addressing itself to the case then before the jury, in the light of the conflicting theories which the court was about to point out; and, in view of the subsequent statement of the rule, it is inconsistent with reason to suppose that the appellants suffered any prejudice from the language used by the court, and I am of the opinion that it does not constitute reversible error. The cases relied upon in support of a reversal of this judgment, in my opinion, have gone as far as it is practicable in the direction indicated. In Whitlatch v. Casualty Co., 149 N. Y. 45, 49, 43 N. E. 406, the court suggests that:

"In a close case like this, where the evidence on both sides is largely circumstantial, it is of vital importance that the jury should be clearly instructed as to the burden of proof, and the general principles of law governing their action."

In the case cited the court below had erroneously charged that the burden of proof was upon the defendant:

"That the defendant in this case, in order to defend it, is required to prove by a fair preponderance of evidence the fact that James W. Whitlatch did take his own life intentionally; in other words, that he committed deliberate suicide. I say, that the defendant has the burden of proof."

The attention of the court was called to this error by an exception, and this was followed by a request to charge the law correctly, which is a very different case from the one at bar, where the exception is merely to—

"That part of the charge in which you stated, in connection with the burden of proof resting on the plaintiff, that it means it must appear to the jury to be more probable that the plaintiff's contention is correct than that the defendant's is."

The charge, taken as a whole, could not have left any doubt in the minds of the jury that the burden of proof was upon the plaintiff to establish her theory of the case. That was clearly the spirit of the charge. The judgment is sustained by the evidence, and no right of the defendants was prejudiced by the language of the court. In my opinion, the judgment appealed from should be affirmed, though without approval of the suggestion that the rule of law is in any manner modified by the mixing up of the law and the facts of the particular case into which the trial court inadvertently strayed.