from the depositary. The grantor can recall the deed at any time before delivery to the grantee, unless such an arrangement has been entered into between the grantee and the depositary as creates privity between them. Maynard v. Maynard, 10 Mass. 456.

Testing the principal question involved in this case by the rule referred to, it seems to me that the making of the deed was intended by the grantor to be in the nature of a testamentary act, which could be revoked by the grantor at any time. Shurtleff v. Francis, 118 Mass. 154; Wellborn v. Weaver, 17 Ga. 267.

The report of the referee, therefore, must be confirmed, with costs and disbursements to the defendant Caroline F. Bailey against the defendant John R. Bailey.

---

(59 App. Div. 135.)

HAMEL v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. APPEAL—RECORD—INCOMPETENT EVIDENCE—PARTIAL PROOF—MOTION TO STRIKE.

In a suit for injuries received while alighting from a street car, plaintiff alleged loss of hearing, as one of the injuries received, and introduced evidence of deafness, but no evidence that it was caused by the negligent act complained of. The evidence was objected to, but no motion was subsequently made to strike it out. *Held*, that the evidence was admissible as partial proof of a material fact, and, though it might have been stricken out when the other part of the proof was not supplied, its presence in the record was not ground for reversal, in the absence of a motion to strike out.

2. SUBORNATION OF PERJURY—ATTEMPT—COUNSEL—AUTHORITY.

Evidence to show that plaintiff's counsel attempted to induce one of the defendant's witnesses to testify falsely is incompetent, when there is nothing to show that the plaintiff was in any way connected with the attempt, since the attorney's authority to act for his client only extends to the doing of lawful acts.

3. INSTRUCTION—TRIAL—PREPONDERANCE OF EVIDENCE—DOUBT.

Where the court has charged in a civil suit that the plaintiff must establish his case by a fair preponderance of the evidence, it is not error to refuse to charge that, "if they are in doubt after hearing all the testimony, they must give their verdict for the defendant," since, if the meaning of the requested charge is that the plaintiff must prove the disputed facts by a preponderance of the evidence, it is, in substance, contained in the charge given, while, if it is construed to require proof beyond a reasonable doubt, it is improper.

Appeal from trial term, Kings county.

Action by Matilda P. Hamel against the Brooklyn Heights Railroad Company. From a judgment in favor of the plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

John L. Wells, for appellant.

Thomas E. Pearsall, for respondent.

JENKS, J. The plaintiff recovered a verdict for $3,000 damages for personal injuries caused by the negligence of the defendant, and

the defendant appeals from the judgment, and from an order deny-
ing a motion for a new trial. The plaintiff, a passenger on a car
of the defendant, alleged that while alighting from a car the car
was started, whereby she was cast down upon the street and injured.
Her testimony and that of her husband tended to sustain her al-
legation, while the testimony of the defendant tended to show that
she stepped from the car while it was in slow motion.    The issue
presented a question for the jury, and there is not sufficient pre-
ponderance of testimony for the defendant to justify a reversal of
the judgment.   The appellant contends that there are errors in cer-
tain rulings, and in a refusal to charge the jury.

1. Among other injuries specified, the plaintiff complained that her
hearing was injured by the accident.   She was asked:

"How was your hearing before the accident on the 5th of July, 1898?   A.
Good.   The Court:   That may be stricken out."

Emily Bogert, called by the plaintiff, testified that she had known
the plaintiff for 20 years, that her hearing was perfectly good be-
fore the accident, and that she had talked with her many times:

"Q. Have you noticed any difference in her hearing since the accident?
A. I have.   (Objected to unless connected with this occurrence.)   Q. Right
after this injury, what did you notice as to her hearing?   (Objected to.)
The Court:   I will permit the witness to state any difference she has noticed
in the hearing after the accident.   (Defendant excepts.)   The Court:   That is,
any observation that she has made.   Mr. Day:   Unless it is based on some-
thing to show a connection with this accident, defendant excepts."

Thereupon witness stated that the plaintiff could not hear as well,
and that she had noticed that plaintiff turned her other ear towards
her, to hear more distinctly, which she had not done before the ac-
cident.   No further evidence from any source was offered upon this
subject, save that the plaintiff's husband testified, "My wife's hear-
ing was good before the accident."   The learned counsel for the ap-
pellant argues that it cannot be said that the jury did not consider
this alleged impairment of hearing as an element of damage, and
yet it was not properly proven, in that it was shown only that this
impairment supervened after the accident, without proof of causal
relation.   There is much force in his contention.   Saumby v. City
of Rochester, 145 N. Y. 81, 83, 39 N. E. 715; Shear. & R. Neg. 742.
But the difficulty is that he cannot raise the question.   The fault
with this evidence is that it is unconnected with any testimony show-
ing or tending to show that the impaired hearing resulted from the
injuries suffered by the plaintiff.   The plaintiff has pleaded the spe-
cific injury.   It was competent to show the present physical con-
dition of the plaintiff with reference to her powers of hearing, and
the testimony of the lay witness as to what she had personally ob-
served was competent.   Adams v. People, 63 N. Y. 621; King v.
Railroad Co., 75 Hun, 17, 26 N. Y. Supp. 973, affirmed in 148 N. Y.
739, 42 N. E. 724.   If this evidence had been connected with testi-
mony of witnesses competent to speak upon the point that impaired
hearing could have resulted from the accident, then a fair question
would have been presented for the jury,—whether there was such
injury, and whether it was the direct result of the accident.   The

testimony now criticised was material then as partial proof, and has no place in the case only because the other part of the proof was never supplied. When the plaintiff failed to supply such proof, the remedy of the defendant was a motion to strike out the objectionable testimony. Vinegar Co. v. Schlegel, 143 N. Y. 537, 38 N. E. 729, is directly in point. It was held in that case:

"When evidence tending to prove a material fact in issue is received under objection, and which requires proof of other facts to make it complete, which have not been supplied, its presence in the record is no ground for reversal, in the absence of a motion subsequently to strike it out."

2. Defendant's counsel asked its witness Bradley on redirect examination:

"What did Mr. Pearsall [the plaintiff's attorney and counsel] say to you about forgetting this,—asking you to forget about having seen the accident? (Objected to as incompetent. Objection sustained and exception taken.)"

The question is addressed to defendant's own witness. It does not clearly appear that any conversation between Mr. Pearsall and the witness had been called forth on cross-examination. The learned counsel for the appellant concedes "that the evidence sought to be introduced did not directly impeach any witness produced upon the trial," but claims that the evidence is competent against the plaintiff, for the reason that it shows an attempt on the part of her attorney to induce a witness to testify falsely. It is not alleged that there is any evidence to connect the plaintiff with any attempt to induce the witness to testify falsely, or conveniently to forget, or to show that plaintiff had seen the witness at any time, or that plaintiff took part in the preparation of the case for trial. I think that the agency involved in the relation of attorney and client cannot be applied so as to hold the client responsible for an alleged attempt of the attorney to commit a crime (sections 104, 112, Pen. Code), independent of all evidence in any way connecting the client with the attempt, so as to permit in the action testimony of the alleged attempt of the attorney, when such testimony is offered only on the principle that it is competent to show such an attempt if it had been made by the plaintiff herself. The authority of the attorney under the retainer is only to do lawful acts. Averill v. Williams, 1 Denio, 501, 504; Welsh v. Cochran, 63 N. Y. 181. And it will be assumed that the common purpose of the client and the attorney was fairly to obtain, properly to prepare, and honestly to present her claim before the court. Until some evidence was given, or until it was stated that there was evidence at hand ready to be put in, that the plaintiff was party or privy to a design to commit such crime, then the testimony was neither relevant nor competent upon the question of plaintiff's credibility as a witness. Non constat but that her case was meritorious, aside from any such attempt of her attorney to strengthen it. In this case the alleged attempt failed, and the witness testified in favor of the defendant, and the jury has pronounced that the plaintiff's case was meritorious. If it could be shown that the attempt had succeeded so far as in any way to affect the case, then the remedy was at hand, based upon the inherent power of the court over its own judgment. Furman v. Fur-

man, 153 N. Y. 309, 314, 47 N. E. 577.   But the sole question before us is whether, under the circumstances, the ruling was reversible error, so far as the judgment and order are concerned.   I think that it was not.   Assume that the witness had been permitted to answer that the plaintiff's attorney had sought to suppress or to change his testimony.   Plainly, the attempt, if made, had failed; for the defendant does not quarrel with his witness, and there is not a vestige of testimony even suggested that plaintiff had the slightest concern with the affair.   In justice to Mr. Pearsall, the attorney and counsel, it should clearly be understood that the record does not show that any attempt was made.   I simply discuss the question of the ruling upon the assumption that the witness might have testified to this thing, and that his testimony might have been credited.

At the close of the charge the learned counsel for the defendant asked the court "to charge the jury that, if they are in doubt after hearing all this testimony, they must give their verdict for the defendant."   The court declined, and defendant excepted.   Such request, if charged, might have been construed by the jury as a statement by the court that the plaintiff could not prevail if there was any doubt in the minds of the jury, or that she must prove her case to the satisfaction of the jury, beyond a doubt, and not merely by a clear preponderance of the credible evidence.   The learned counsel for the appellant quotes this excerpt from the opinion in Hale v. Smith, 78 N. Y. 480:

"If the evidence left the jury in doubt whether the injury was occasioned by the fault of defendant's intestate alone, or was caused or contributed to by the viciousness of the horse, the defendant was entitled to the benefit of that doubt, and the plaintiff had failed to make out his case."

But the learned counsel apparently omitted to notice that Rapallo, J., in the very next sentence, said:

"This is only stating in another form the proposition that the plaintiff was bound to prove the controverted facts by a preponderance of testimony."

Dunwell, J., the learned trial justice, had charged the jury that the burden was upon the plaintiff to establish the essential features of her case by a fair preponderance of the credible testimony in the case; and he had further charged that if, upon the conflict of testimony, the plaintiff had not proved her case by a preponderance of testimony, but the testimony stood equal, there could be no recovery by the plaintiff, because it was incumbent upon her to prove her case by a fair preponderance.   If the request under review was only stating in another form that the plaintiff was bound to prove the controverted facts by a preponderance of credible testimony, then it was not error for the court to refuse reiteration.   Rommeney v. City of New York, 49 App. Div. 64, 63 N. Y. Supp. 186.   If it required a higher standard from the plaintiff, then it is counter to the law.   Trust Co. v. Siefke, 144 N. Y. 354, 39 N. E. 358; Whitlach v. Casualty Co., 149 N. Y. 45, 43 N. E. 405; Foo Long v. Ghu Fong (Sup.) 6 N. Y. Supp. 406; Stearns v. Field, 90 N. Y. 640; Indemnity Co. v. Gleason, 78 N. Y. 503; Tholen v. Railroad Co., 10

Misc. Rep. 283, 30 N. Y. Supp. 1081, affirmed in 151 N. Y. 627, 45 N. E. 1134. The appellant may accept either horn of the dilemma. The judgment and order .must be affirmed, with costs.