KEARNS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

1. APPEAL—REFUSAL OF INSTRUCTIONS.
Where plaintiff's negligence was a material issue, the court's refusal to charge that contributory negligence was a bar to a recovery is reversible error.

2. SAME—ERROR CURED.
Where the court, in a suit for injuries, instructs that to make defendant liable plaintiff must be free from any negligence, and subsequently refuses an instruction on contributory negligence, to which plaintiff was entitled, error in such refusal was not cured by the previous charge.

Appeal from trial term, Queens county.

Action by Michael Kearns against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John L. Wells, for appellant.
Isaac M. Kapper, for respondent.

JENKS, J. The judgment must be reversed for the error in refusing to charge a request of the defendant, which fairly presented the proposition that contributory negligence on the part of the plaintiff was a bar to his right of recovery. It is apparent from the record that the learned trial justice did not apprehend the request, and that his ruling was the result of inadvertence, as his attention at the time was particularly directed to the running discussion of the doctrine of negligence. The learned counsel for the respondent contends that the error is harmless.

First, it is argued that the question of contributory negligence was not involved. The answer is that the theory of the defendant did make contributory negligence a material issue.

Second, it is argued that the learned trial justice in the main charge stated the rule correctly when he charged: "In order to make the road liable, you must find that the plaintiff was entirely free from any negligence on his own part which contributed to produce the accident." The vice of this proposition is that, subsequent to the charge indicated, the learned court flatly refused to charge a sound and pertinent principle of law to which the defendant was entitled, and that it cannot be said that the jury followed the first instruction, and disregarded the last distinct and erroneous instruction upon the same matter. Abb. Tr. Brief (2d Ed.) 429, and cases cited; Black v. Railroad Co., 108 N. Y. 640, 15 N. E. 389; Rommeney v. City of New York, 49 App. Div. 64, 63 N. Y. Supp. 186. The reversal is based solely upon this error, and we express no opinion as to the liability or nonliability of the defendant.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.