### LINDEMANN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. INCOMPETENT EVIDENCE—FAILURE TO OBJECT—WAIVER OF ERROR.
    Where incompetent evidence is received without objection or exception, the denial of a subsequent motion to strike it out is not prejudicial error.

2. STREET RAILWAYS—PERSONAL INJURIES—PROXIMATE CAUSE—EVIDENCE.
    Evidence that the back of plaintiff in a personal injury action against a street railway company was black and blue after the accident, and that liniment was applied thereto by a physician's direction for two months; that plaintiff's head was injured by a scalp wound, requiring four stitches; that she was bruised and shaken up; and that a headache developed soon afterward, when formerly she had headache but seldom,—was sufficient to support a finding that the accident was the cause of the headache.

Appeal from Kings county court.

Action by Martha Lindemann against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

I. R. Oeland (Charles L. Woody, on the brief), for appellant.
A. E. Richardson, for respondent.

WOODWARD, J. The judgment in this case should be affirmed. The appellant urges that "it was not shown by competent evidence

that the pain in the back and side and the headaches suffered subsequent to the happening of the accident resulted from this accident, nor that the accident was a competent cause to produce the same." The evidence of the pain in the back and of the headaches was received without objection or exception, and it is well established that erroneous steps in the progress of a cause are waived unless excepted to before additional steps are taken (8 Enc. Pl. & Prac. 166, and authorities there cited), and the denial of a subsequent motion to strike this evidence from the record was not error of which the defendant could complain. Parkhurst v. Berdell, 110 N. Y. 386, 393, 18 N. E. 123, 6 Am. St. Rep. 384, and authorities there cited; 2 Rum. Prac. 303, and authorities cited. Besides, there was evidence that would support the inference that the pains mentioned by the plaintiff resulted from the accident. Plaintiff's sister testified that she found her back black and blue, and that she applied the liniment prescribed by the physician for a period of two months; and the physician testified that her head was injured by a scalp wound requiring four stitches, that she was bruised and shaken up; and, a headache developing soon afterward, when the plaintiff had headache only "seldom," the jury might properly find that the accident was the cause. The case was not within the authority of Hamel v. Railroad Co., 59 App. Div. 135, 69 N. Y. Supp. 166, nor yet of Saumby v. City of Rochester, 145 N. Y. 81, 39 N. E. 715, and the judgment and order appealed from should be affirmed, with costs. All concur.