MARTHA LINDEMANN, Respondent, *v.* THE BROOKLYN HEIGHTS RAIL-ROAD COMPANY, Appellant.

*Negligence — what proof connects injuries with an accident complained of — incompetent evidence admitted without objection.*

On the trial of an action to recover damages for personal injuries, testimony given by the plaintiff's sister to the effect that she found the plaintiff's back black and blue and that she applied the liniment prescribed by a physician for a period of two months, and testimony given by the physician that the plaintiff's head was injured by a scalp wound which required four stitches and that she was bruised and shaken up and that the plaintiff began to suffer from headache soon afterwards, is sufficient to warrant a finding that the accident was the cause of pains in the back and side and headaches from which the plaintiff suffered subsequent to the happening of the accident.

Where incompetent evidence has been received without objection or exception, the denial of a subsequent motion to strike the evidence from the record does not constitute error.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from a judgment of the County Court of Kings county in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 31st day of October, 1901, upon the verdict of a

jury for $500, and also from an order entered in said clerk's office on the 12th day of November, 1901, denying the defendant's motion for a new trial made upon the minutes.

*I. R. Oeland* and *George D. Yeomans* [*Charles L. Woody* with them on the brief], for the appellant.

*A. E. Richardson,* for the respondent.

WOODWARD, J. :

The judgment in this case should be affirmed.

The appellant urges that " it was not shown by competent evidence that the pain in the back and side and the headaches suffered subsequent to the happening of the accident resulted from this accident, nor that the accident was a competent cause to produce the same."

The evidence of the pain in the back and of the headaches was received without objection or exception, and it is well established that erroneous steps in the progress of a cause are waived unless excepted to before additional steps are taken (8 Ency. of Pl. & Pr. 166, and authorities there cited), and the denial of a subsequent motion to strike this evidence from the record was not error of which the defendant could complain. (*Parkhurst* v. *Berdell,* 110 N. Y. 386, 393, and authorities there cited ; 2 Rumsey's Pr. 303, and authorities cited.) Besides, there was evidence that would support the inference that the pains mentioned by the plaintiff resulted from the accident. Plaintiff's sister testified that she found her back black and blue, and that she applied the liniment prescribed by the physician for a period of two months, and the physician testified that her head was injured by a scalp wound requiring four stitches, that she was bruised and shaken up, and that a headache developed soon afterward, the plaintiff having previously had headache only " seldom." The jury might properly find that the accident was the cause. The case was not within the authority of *Hamel* v. *B. H. R. R. Co.* (59 App. Div. 135), nor yet of *Saumby* v. *City of Rochester* (145 N. Y. 81), and the judgment and order appealed from should be affirmed, with costs.

All concurred.

Judgment and order of the County Court of Kings county unanimously affirmed, with costs.