SEGALOFF v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. February 4, 1907.)

TRIAL—INSTRUCTIONS—CREDIBILITY OF WITNESSES.
In an action for personal injuries, an instruction that: "When you get stories of the happening of a certain event diametrically opposed to each other, you cannot throw the mantle of charity over them and say that some one is mistaken. You have got to characterize it in harsher and more severe language"—was erroneous, as the jury should have been permitted to reconcile, if possible, the testimony, without attributing willful perjury to any of the witnesses.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 414, 415.]

Appeal from City Court of New York, Trial Term.

Action by Israel Segaloff against the Interurban Street Railway Company for personal injuries. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, BLANCHARD, and DAY-TON, JJ.

Bayard H. Ames and Walter Henry Wood, for appellant.

Steuer & Hoffman (Max D. Steuer and Henry A. Friedman, of counsel), for respondent.

BLANCHARD, J.   In view of the inherent improbability of certain particulars of the plaintiff's testimony, and the testimony of his single corroborative witness, and the substantial agreement and probability of the testimony of the six witnesses for the defendant, the verdict rendered by the jury for the plaintiff might well have been set aside as contrary to the weight of evidence.   The large size of the verdict, in spite of the temporary character of the plaintiff's injuries, may well have been due, in part, to the charge of the learned trial judge, who said, referring to the testimony offered at the trial:

"When you get stories of the happening of a certain event diametrically opposed to each other, you cannot throw the mantle of charity over them and say that some one is mistaken.   You have got to characterize it in harsher and more severe language."

Upon the evidence, the jury should have been permitted to reconcile, if possible, the testimony, without attributing willful perjury to any of the witnesses.   Smith v. Lehigh Valley R. R. Co., 170 N. Y. 394, 63 N. E. 338.

Further error was committed in refusing to strike out evidence regarding the deafness of the plaintiff after the accident, which was introduced without sufficient evidence to connect it as a result of the accident.   Saumby v. City of Rochester, 145 N. Y. 81, 39 N. E. 715. Although permanent injuries were expressly waived by the plaintiff, it seems likely, from the size of the verdict, that this evidence influenced the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.