Joseph P. Hirsch, Respondent, v. Joseph Safian, Appellant.

First Department, June 2, 1939.

. *Henry W. Fried* of counsel [*Morton Witzling* with him on the brief], for the appellant.

*Eugene L. Bondy* of counsel [*Bondy & Schloss*, attorneys], for the respondent.

Cohn, J. Plaintiff, a salesman, sued defendant, a physician and surgeon, for damages arising out of a breach of contract. In his complaint plaintiff alleges that he entered into an agreement with defendant, who specializes in plastic surgery, whereby defendant in consideration of the sum of $100 agreed to remove certain markings or facial scars from the right side of plaintiff's face, and " that such removal of said marking would be accomplished by him without any resultant facial scars, and without any disfigurement of the plaintiff and without any impairment in the use, function or appearance of any part of the plaintiff's face."

At the trial, plaintiff's testimony showed that in consequence of an assault committed upon him in December, 1933, he sustained injuries which left numerous scars on his right cheek. He

called upon defendant for advice in November, 1934, and he was assured by defendant that the scars could be removed. Defendant thereupon performed three operations at different times but the scars still remained and, according to plaintiff, became longer and wider than they had been prior to the operations. Four months after the last operation plaintiff developed a twitch around his mouth which he did not have before defendant's treatments had been administered.

Upon this appeal defendant contends that as plaintiff did not prove any causal relation between the operations performed and the subsequent appearance of the twitch, the jury should not have been permitted to consider the latter as an item of plaintiff's damage. We think appellant's contention is a meritorious one.

No evidence was adduced to show any causation between the operations performed by defendant and the twitch which plaintiff asserts developed four months thereafter. Medical proof that the twitch was caused by the surgical treatments is completely lacking in plaintiff's case. Defendant, on the other hand, offered evidence by a medical expert to establish that the injury could not have been caused by the operations. Furthermore, defendant himself testified that the twitch was a nervous habit spasm; that the cutting of a motor nerve might result in paralysis, which is a loss of motion, but could not cause the twitch, which is due to an excess of motion.

After both sides had rested defendant moved to strike from the record evidence " of all claims of any twitching of the mouth on the ground that there is no medical connection between it and any act of the defendant." This motion the court denied. The jury was thereafter advised in the court's charge that the presence of the twitch was a proper element of damage. Defendant duly excepted. We think that in the circumstances the denial of defendant's motion to strike out the testimony in regard to the twitch and the charge to the jury which stated its presence might be considered upon the question of damages constituted error prejudicial to defendant.

In the absence of proof by men versed in medical skill and science that the distortion was caused by the operation or operations performed by defendant, the jury should not have been permitted to conjecture and to speculate as to the cause of the injury. The law is well grounded that before a plaintiff may recover damages for a personal injury, the burden of proof is upon him to show with reasonable certainty that the alleged condition resulted from the act of defendant. (*Saumby* v. *City of Rochester*, 145 N. Y. 81; *Ruback* v. *McCleary, Wallin & Crouse*, 220 id. 188; *Grant* v. *Pennsylvania & N. Y. Canal & R. R. Co.*, 133 id. 657; *Cornbrooks*

v. *Terminal Barber Shops, Inc.*, 255 App. Div. 522, 525; *Mackey* v. *Interurban Street Ry. Co.*, 115 id. 467, 470, 471; *Maimone* v. *Dry Dock, E. B. & B. R. R. Co.*, 58 id. 383, 386.) The same rule must necessarily apply to a case such as this one involving a claim for damages for a breach of contract to cure. Plaintiff is permitted to recover only for damages which naturally and directly flow from the breach of the contract made between the parties. (*Conklin* v. *Draper*, 229 App. Div. 227; *Monahan* v. *Devinny*, 223 id. 547; *Frankel* v. *Wolper*, 181 id. 485; affd., 228 N. Y. 582.)

In the *Saumby* case (*supra*) the Court of Appeals in considering a situation parallel to the one at bar said at page 84: "The question was one entirely outside of ordinary experience and only capable of being answered by scientific skill, and that answer was adverse to the plaintiff's claim. There is often, in this class of cases, a tendency to aggravate in the proof the consequences of an injury with a view to enhance the damages, and the tendency is one quite difficult for a defendant to protect himself against. While a plaintiff should be always allowed in a proper case to show fully the damage which he has suffered, he should not be permitted to prove physical defects, having no known or proven connection with the injury, simply because they manifested themselves at some time thereafter, and then to ask the jury to supply from their imagination the lack of proof."

In *Conklin* v. *Draper* (*supra*), this court, in an opinion by MARTIN, J. (present presiding justice), said at page 231: "While the plaintiff may not be able to recover for malpractice, she may recover for a breach of contract. [*Cappuci* v. *Barone*, 165 N. E. (Mass.) 653; *Frankel* v. *Wolper*, 181 App. Div. 485; *Staley* v. *Jameson*, 46 Ind. 159; *Burns* v. *Barenfield*, 84 id. 43; *Monahan* v. *Devinny*, 223 App. Div. 547.] In the last cited case the court said: 'We think it would be possible for the plaintiff still to obtain partial relief by suing strictly on the contract, against which cause of action the statute has not run. (See Civ. Prac. Act, § 48.) Recovery of damages could not be had for the wrong involving unskillful treatment; but plaintiff might be entitled to recover sums paid to defendants, on the contract to furnish proper medical aid, and for sums paid out for nurses and medicines or other damages that flow naturally from the breach of whatever contract was made between the parties. (*Frankel* v. *Wolper*, 181 App. Div. 485.)'

"* * * The plaintiff should be permitted to recover the damages which naturally follow from the breach of such a contract if such a breach is established upon the trial."

The damages recoverable by plaintiff in this action must be such as were reasonably within the contemplation of the parties at the time the contract was made and they must be a consequence of the breach. As it was not shown here that the twitch complained of was directly traceable to the alleged breach of contract by defendant, the jury should not have been permitted to consider that injury as an element of plaintiff's damage.

The judgment and order should, accordingly, be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Judgment and order unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.