POTTER v. BROWNE.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

WITNESSES—IMPEACHMENT—BIAS—COMPETENCY OF IMPEACHING EVIDENCE.

A former employé of plaintiff having testified for defendant, plaintiff, to show bias, was properly permitted to testify that he had, in discharging the employé, upbraided him for misappropriation of funds and brutally beating a boy.

Appeal from Trial Term, Orange County.

Action by Robert H. McCarter Potter against Grant Hugh Browne for the price of a stallion and mares; defendant pleading fraud. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

George C. Lay, for appellant.

James W. Osborne (Charles J. Nehrbas, on the brief), for respondent.

GAYNOR, J. We are not asked to review the evidence, but to reverse on an exception to the admission of evidence. A former employé of the plaintiff was a witness for the defendant, and the plaintiff was permitted to testify in rebuttal that he upbraided him for misappropriation of funds and brutally beating a boy in discharging him therefor. It is always relevant and material for a party to prove any fact from which it may be found that a witness of the other side is hostile to or biased against him. People v. Brooks, 131 N. Y. 321, 30 N. E. 189; Garnsey v. Rhodes, 138 N. Y. 461, 34 N. E. 199; Lamb v. Lamb, 146 N. Y. 317, 41 N. E. 26; Brink v. Stratton, 176 N. Y. 150, 68 N. E. 148, 63 L. R. A. 182. It is not a collateral but a material and relevant matter, and the denial of the witness on cross-examination is therefore not conclusive.

The judgment should be affirmed.

· Judgment and order affirmed, with costs. All concur.