## LUNHAM v. LUNHAM.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

1. DIVORCE (§ 129*)—EVIDENCE OF ADULTERY—OPPORTUNITY.

In an action for divorce, evidence of opportunity for carnal intercourse is of little probative force as to adultery, unless there is also evidence of such relation between the parties and such conduct as would tend to establish the willingness to engage in such an act when the opportunity came.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411–441; Dec. Dig. § 129.*]

2. TRIAL (§ 83*)—OBJECTION TO EVIDENCE.

As all communications between a husband and wife are not incompetent, if a party seeks to exclude evidence on that ground, the objection should fairly advise the court as to the true ground on which it is made.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 193–210; Dec. Dig. § 83.*]

3. TRIAL (§ 92*)—OBJECTIONS TO EVIDENCE—MOTION TO STRIKE—DISCRETION OF COURT.

After a defendant's testimony was about completed, she moved to strike out a letter introduced in evidence, based on a ground of objection which was not stated so as to fairly advise the court when it was admitted. Held, that an objection at that time came too late, and it was within the court's discretion to refuse then to strike out the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 245–252; Dec. Dig. § 92.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. EVIDENCE (§ 155\*)—COMPETENCY—ADMISSION OF SIMILAR EVIDENCE—PART OF CONVERSATION.**

In an action by a husband for divorce, evidence as to the communication to defendant by the co-respondent's wife of alleged confessions of her husband is presumed to have been offered on the ground that defendant's conduct in the face of such an accusation might be some evidence of guilt or innocence; and, the whole of the conversation between the two women being given without substantial conflict, evidence as to what the co-respondent in fact told his wife was not admissible as the remainder of a conversation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 455; Dec. Dig. § 155.\*]

Appeal from Trial Term, Westchester County.

Action by William Lunham against Minnie E. Lunham. From an interlocutory judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

William L. Rumsey, for appellant.

William H. Wadhams (Frederick S. Fisher, on the brief), for respondent.

BURR, J. Plaintiff brings this action for an absolute divorce. The jury said by their verdict that on the 26th day of December, 1907, the defendant committed adultery with Hanford S. Moore. While the evidence to sustain this finding is not entirely satisfactory, we are not disposed to reverse the judgment upon the ground that the verdict is against the weight of the evidence. That the evidence established an opportunity for carnal intercourse on that occasion is true. This alone would be of little probative force, unless there was also evidence of such relation between the parties and such conduct on their part as would tend to establish that the desire and willingness existed to engage in such an act when the opportunity came. We do not propose to review all of the testimony offered to establish this. Certain of the testimony was received over the objection and exception of the defendant, and these exceptions, in view of the importance of the case, the result to the defendant, and the closeness of the question of fact, require careful scrutiny.

On the 2d of February, 1907, the defendant went to Bermuda. On the 5th of February, 1907, she wrote the co-respondent a letter in which she stated:

"Will write more when I have a chance. You understand. I feel so, when I reached Bermuda, that Mr. might be there to meet me; but I hope not. So be very careful what you write."

On the preceding day, on the steamer, she wrote a letter to her husband. This was offered in evidence, and it was claimed to be material, as showing that, at almost the very same time that she was writing to the co-respondent warning him to be careful, by professions of affection for her husband she was trying to throw him off his guard as to her relations with Moore. When offered, it was only objected

to as immaterial and irrelevant. After it had been received and spread upon the record, a motion was made to strike it out upon the ground that it was a communication between husband and wife. The motion did not specify as the ground of the objection that it was a "confidential communication," nor that it was "incompetent under section 831 of the Code of Civil Procedure." All communications between husband and wife are not incompetent, and, if a party seeks to exclude evidence upon the ground that it is within the statutory prohibition, it is the duty of the party objecting to fairly advise the court as to the true ground upon which the objection is based. Stevens v. Brennan, 79 N. Y. 254; Hamlin v. Hamlin, 117 App. Div. 493, 102 N. Y. Supp. 571; Hoag v. Wright, 174 N. Y. 36, 66 N. E. 579, 63 L. R. A. 163. Subsequently, and when the defendant had about half completed the testimony offered in her behalf, another motion was made to strike out this letter, specifying as the grounds of the motion that it was a confidential communication, and not admissible under section 831 of the Code of Civil Procedure. The objection at that time came too late. Failing to take the proper objection in the first instance, it was, to say the least, within the discretion of the court to refuse afterward to strike the evidence out on motion. Lindemann v. Brooklyn Heights R. R. Co., 69 App. Div. 442, 74 N. Y. Supp. 988; Parkhurst v. Berdell, 110 N. Y. 393, 18 N. E. 123, 6 Am. St. Rep. 384.

Carrie L. Moore, the wife of the co-respondent, was called as a witness for the plaintiff. She testified that in October, 1906, more than two months prior to the date upon which the jury found the adultery was committed, she called upon the defendant and said to her:

"I have been to see Mr. Lunham, and Mr. Moore admitted that he has been untrue to me, and he admitted that he was with you."

She said that the defendant replied:

"Mrs. Moore, you are mistaken. There isn't anything of the sort."

She further testified that she told the defendant that her husband said:

"That he had been with Mrs. Lunham, and that he had been untrue the first and only time, and he said: 'Don't blame her altogether, for we had both been drinking.' "

In response to that, and to a statement that she had found blood on defendant's underclothes, and that Mr. Lunham said his wife "was in that condition" at the time when the blood was discovered, she says that the defendant said:

"I don't believe he accused me. I will call him up. * * * I will call him up and let him deny it."

According to the testimony of the witness, she thereafter had a pleasant and friendly chat with the defendant, and drank a cup of chocolate with her before taking her departure. This testimony was not objected to, and it is presumed that it was offered upon the ground that the defendant's conduct in the face of such an accusation might be some evidence of her guilt or innocence. It is difficult to see any other ground upon which the alleged confessions of the co-respondent, which were communicated to the defendant, could be received.

The testimony of the defendant as to this interview does not materially differ from that above recited. She adds that Mrs. Moore said that she was sorry that she had not called to see her before she went to Mr. Lunham's office and made all the trouble. She also says that they parted most pleasantly, after Mrs. Moore had partaken of two cups of tea. The only inference that could be drawn from this testimony is that Mrs. Moore became satisfied that her suspicions at that time were unfounded. No request was made to instruct the jury respecting the weight to be given to, or the inferences to be drawn from, this evidence.

Hanford S. Moore, the co-respondent, was called as a witness for the defendant. He denied ever having had sexual intercourse with her. He was then asked what he had said to his wife in regard to the condition of his underclothes, whether he had told his wife that he had intercourse or had committed adultery with Mrs. Lunham, what he said when his wife charged him with intimacy with her, whether he told his wife that at that time both he and Mrs. Lunham had been drinking, what his wife told him that she said to Mr. Lunham, and whether she told him that she had said anything to Mr. Lunham about his alleged intimacy with the defendant. To each of these questions objection was made, which was sustained, and the defendant excepted. The claim is now made that such evidence should have been admitted, within the rule that, when part of a conversation is given, so much of the remainder as tends to qualify or explain what has been received should also be admitted. Grattan v. Metropolitan Life Ins. Co., 92 N. Y. 274, 44 Am. Rep. 372. But the conversation which was relevant in this case was not the conversation between Mr. and Mrs. Moore, but the conversation between Mrs. Moore and the defendant, and that only for the reason hereinbefore stated. No part of that conversation was excluded. If Mrs. Moore had never had any conversation with her husband at all, and had gone to the defendant and accused her of sexual intercourse with him, even though she falsely stated that her husband had admitted this, the question still would be, not what her husband really said to her, but what Mrs. Lunham's conduct was in the face of the accusation. Chase's Stephen's Digest of Evidence, 25; Gibney v. Marchay, 34 N. Y. 301. If there had been any substantial conflict between Mrs. Moore and Mrs. Lunham as to the interview between them, it may be that such evidence would have been competent by way of impeachment to show the hostility or bias of Mrs. Moore. Potter v. Browne, 125 App. Div. 640, 109 N. Y. Supp. 1075; Brink v. Stratton, 176 N. Y. 150, 68 N. E. 148, 63 L. R. A. 182. But, as we have before pointed out, there was substantial agreement between them. If the evidence had been admitted, the question would still have been the same. That question is, not whether Mr. Moore really admitted his guilt to his wife, but what was the defendant's conduct when told that he had.

The judgments and order appealed from should be affirmed, without costs.

Interlocutory and final judgments and order affirmed, without costs. All concur.