LOU ANN STEBBINS, Plaintiff, *v.* WILLIS R. STEBBINS, Defendant.

Supreme Court, Tioga County, August 16, 1924.

Husband and wife — divorce — evidence discloses association with corespondent under circumstances tending to indicate inclination to commit adultery — defense of impotency improbable under circumstances — judgment for plaintiff.

In an action for divorce a judgment awarding a decree to the wife will be granted where the evidence discloses the husband's association with the corespondent under circumstances tending to indicate inclination to commit adultery and where from all the circumstances the husband's defense of impotency is improbable.

ACTION for divorce.

*Frederick E. Hawkes*, for the plaintiff.

*Edward W. Eaton* (*Raymond Nicols*, of counsel), for the defendant.

RHODES, J. The plaintiff sues for a divorce. There would be no occasion for any discussion were it not for the unique defense interposed by the defendant. It is undisputed that the defendant, a resident of Waverly, N. Y., on or about the 12th day of March, 1924, went with the corespondent, a widow, by night train from Waverly, N. Y., to Philadelphia, Penn.; that upon arriving at Philadelphia they went to the Reading Hotel where they registered as man and wife and were assigned to a room which they occupied together from about nine-fifteen on the morning of the thirteenth, until about noon of the same day. These facts establish the elements of opportunity, inclination and intent from which the presumption ordinarily arises that adultery was committed. It may be noted that the evidence discloses association of the defendant with the corespondent on other occasions under circumstances tending to indicate inclination.

Defendant claims that his physical condition was such that it was impossible for him to commit adultery. The evidence offered in his behalf is to the effect that two or three years previous to the alleged adultery he underwent an operation by which nearly all of the penis was amputated. The evidence in support of the defense consisted of testimony of physicians who gave it as their opinion that the defendant would be unable to perform the act charged although each physician frankly stated that his conclusions were surmise and that he would have no means of knowing what effects would be manifested under the conditions that obtained at the time of the alleged misconduct.

It seems manifest that unlawful intercourse may occur without complete coition. Reasoning by analogy to the Penal Law, the statute provides, section 2011, that any penetration, however slight, is sufficient to complete the crime of rape. In the case of *People* v. *Crowley*, 102 N. Y. 234, the court said that no discussion is necessary or proper as to the extent of the penetration. No reason is apparent why the same rule should not be adopted here. Neither the defendant nor the corespondent took the stand to dispute the charge. It is true that the defendant, at the request of himself and his attorneys, did submit to a physical disclosure of his condition in the presence of the court. The defendant's operation occurred long before the alleged adultery so that at the time of his trip with the corespondent to Philadelphia, he must have been aware of his condition as to impotency or ability. Being possessed of this knowledge, the question arises, why did he accompany the corespondent on the trip to Philadelphia if he knew himself to be impotent to the extent which he claims and which, if true, would be presumed to result only in humiliation and disappointment when manifested to the corespondent. A more rational presumption is that he knew himself to be physically capable and that on the occasion in question he committed adultery with the corespondent. He should not be heard to complain if he is the victim of appearances for he deliberately brought about the situation. Indeed, his plight would have elicited more sympathetic respect had he accepted without dispute the full responsibility for the dilemma in which he placed himself.

I, therefore, conclude that the plaintiff has established her cause of action and that the defendant committed adultery with the corespondent on the 13th day of March, 1924, at the Reading Hotel in the city of Philadelphia, Penn. Upon the trial the court stated to the attorneys that the matter of alimony might be left in abeyance pending a decision of the question as to whether or not the adultery was committed by the defendant. In case the parties are unable to agree upon an adjustment as to alimony, a further hearing may be had before the court or before a referee to determine what alimony should be awarded to the plaintiff. Upon the determination of the question of alimony, a decision and judgment may be prepared in accordance with the views here outlined, awarding a decree in favor of the plaintiff, with costs.

**Judgment accordingly.**