CHARLES E. DEMPSEY, Plaintiff, v. DOROTHY I. DEMPSEY, Defendant.*

Supreme Court, New York County, March 27, 1934.

*Hartman, Sheridan, Tekulsky & Pecora*, for the plaintiff.

*Joseph K. Ellenbogen*, for the defendant.

McLAUGHLIN, J. This is an action for an absolute divorce. The plaintiff charged fourteen specifications of adultery with the same person. The parties have been legally separated, the defendant having obtained a judgment of separation in this court. There is one issue of the marriage, a girl seven years old, who resides with defendant.

The plaintiff was acting as a private detective and all the testimony on his side is supplied either by private detectives and a process server or by his sister and brother. Some of the alleged

---

* Affd., 244 App. Div. 792.

transgressions on the part of the defendant were testified to by paid detectives only and were dismissed at the close of the plaintiff's case because of the failure of proof.

I am not satisfied with the evidence offered by plaintiff in this case. Most of it is unreal and at least some of it is undoubtedly manufactured. The peeping lady with the opera glasses testified to matters that would have to be enlarged in the imagination of the court beyond all reason to arrive at the conclusion of adultery sought by the plaintiff. To believe that adultery was committed because she sat twenty-five feet beyond the building line of the apartment on Ash avenue all one night and saw lights turned on and off at various times during the night, with a man conveniently getting on a chair at the kitchen window so that she could see his form partly disrobed, would be extending an inference to the breaking point. Her testimony also lacks corroboration.

Where the evidence shows that the possible range of vision does not permit the view to which the exculpating witness testified, the testimony should not be accepted. (*Siebrecht* v. *Siebrecht*, 159 App. Div. 925.) The swiftly moving private detectives who vanished downstairs and who quietly, but not in a knowing manner, followed the man they tried to catch have made no impression on the court. (*Yates* v. *Yates*, 211 N. Y. 163, 171; *Ellsworth* v. *Ellsworth*, 221 App. Div. 875.) It is clear that this case has been built up by this acting private detective plaintiff around dates found in a hotel registry of the Y. M. C. A. He certainly tried to bribe the superintendent and I am convinced that he would stop at nothing to succeed in this action. The attempt to prove improper conduct on the part of the defendant, by producing the hotel registry of the Y. M. C. A. at Flushing, with the name of Mr. Mayhew thereon, negatives rather than proves the same. As an alleged corespondent, the natural course for him to have followed would have been toward secrecy and concealment. Here we have the contrary. It would appear that after attending social affairs or the theatre in the company of the defendant, Mayhew found it more convenient to register under his own name at a nearby hotel rather than travel at a late hour to his residence at Long Branch, N. J.

A finding of adultery in an action for divorce must be based upon clear and convincing evidence. (*Keville* v. *Keville*, 122 App. Div. 388.)

" Circumstantial evidence to be made the basis of an action for divorce, should be such as to establish the fact of adultery, not only by fair inference, but as a necessary conclusion. Appearances indicating guilt, but still consistent with innocence, do not give

rise to a presumption of guilt, for a finding of criminality is not warranted if the evidence is susceptible of any other conclusion. (*Pollock* v. *Pollock*, 71 N. Y. 137; *Conger* v. *Conger*, 82 id. 603.) " (*Phillips* v. *Phillips*, 24 Misc. 334, 336.)

The conduct of the defendant in calling for a police officer after the plaintiff and his party had tried to break in the door of her apartment is indicative of innocence on her part. No one was found in her apartment when the search was made with the arrival of the policeman.

The testimony of the two private detectives, who claim to have seen a man emerge from a fourth-story window, climb down a fire escape, hat in hand, and that this man was Mayhew, is unbelievable. Neither of these men had seen Mr. Mayhew before. These men had taken a position under a tree in a field adjoining the building twenty-five feet away from the westerly building wall and forty-five feet away from the building line upon Ash avenue. It was a rainy night; yet these witnesses claim to have seen Mayhew with sufficient clarity to identify a small mustache. Furthermore, no satisfactory explanation is given as to how this man got from the second-story landing on the fire escape to the cement pavement of the yard fifteen feet below. Their stories do not ring true. I disbelieve the testimony of the plaintiff's brother as to any facts showing inclination.

The case has not been established. There is suspicion, but the proof that is required before the court will stigmatize a woman as an adulteress is lacking. Judgment for defendant. Submit findings of fact and conclusions of law in accordance herewith.