ORIELEE WILSON, Also Known as ORIA L. WILSON, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.*

City Court of New York, New York County, March 15, 1938.

* Judgment so far as appealed from reversed and order as to costs affirmed. (168 Misc. 125.)

*George E. Wanderman,* for the plaintiff.

*Tanner, Sillcocks & Friend,* for the defendant.

KELLER, J. This case was tried in Trial Term, Part IV. The jury brought in a verdict for both the plaintiff and defendant on separate causes of action in the complaint. Now the defendant prays for an amendment of the judgment in its favor on the second cause of action to include costs against the plaintiff pursuant to section 1483 of the Civil Practice Act.

The defendant is prevented from exercising whatever rights it may have had to costs by virtue of a provision in section 1493 of the act which plainly specifies that no costs are to be awarded against one suing as a poor person if a judgment is rendered against him or his complaint dismissed. Defendant argues that to invoke this protective feature of the section, where the poor person has won a recovery on a separate cause of action in the same suit, is an unfair application of the section and contra to the intention with which it was drawn, in that the Legislature intended it to be used a shield and not a sword.

Defendant has cited no cases in support of this contention, nor have I found any. In the absence of any authority or express provision to the contrary, I cannot go beyond the very plain language of the statute to interpret by speculation what the Legislature may or may not have had in mind with respect to the non-application of the protective cloak of this provision in this type of situation. In my opinion the defendant should have acted to oppose taxation of costs by plaintiff on his judgment.

It also appears that the verdict in favor of the defendant on the second cause of action was not entered in the minutes of the clerk of the part in which the case was tried, and I now direct that it be entered *nunc pro tunc.* To this extent the motion is granted. As to costs against the plaintiff it is denied.