EMMA H. JOHNSON, Respondent, v. BOINE T. JOHNSON, Appellant.— In an action for a separation, order granting plaintiff's motion for examination of defendant modified by changing "January 1, 1949", to "January 1, 1951", in each item, and as so modified order affirmed, without costs; examination to proceed on ten days' notice. In view of the nature of defendant's limited opposition to the action, and the fact that there are minor children (Civ. Prac. Act, § 1170-a), an examination of defendant restricted to his financial condition could properly be granted. (*Goshin* v. *Goshin,* 281 App. Div. 979.) However, nothing in the record warrants an examination as to finances prior to January 1, 1951. Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ., concur.

■

HERBERT O'CONNOR, Suing on Behalf of Himself and All Other Members of the MUTUAL TICKET AGENTS LOCAL No. 23293 of the American Federation of Labor, Similarly Situated, et al., Respondents-Appellants, v. RAYMOND HARRINGTON, as President of Mutual Ticket Agents Local No. 23293 of the American Federation of Labor, Appellant-Respondent.— In an action for an injunction restraining the expenditure of funds of a union in the defense of some of its officers and members in a criminal action, both parties appeal from an order awarding the plaintiffs an allowance for counsel fees in prosecuting the action to judgment. The parties also appeal from the part of the judgment which was deemed to be added at the foot thereof by the order appealed from. Insofar as appealed from, judgment and order modified on the facts by striking therefrom "$5,000.00" and substituting in place thereof "$3,500.00", and as so modified, judgment and order unanimously affirmed, without costs. While it was properly held that the membership as a whole had been benefited by reason of the representative action which resulted in a default judgment against the members, the allowance of $5,000 to plaintiffs was excessive in view of the services rendered. The implied finding that the services were reasonably worth $5,000 is reversed and a new finding made that $3,500 was reasonable. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. [See *post,* p. 975.]