James J. Conroy, J.
The defendant in an action for a separation moves to vacate plaintiff’s notice to examine him before trial.
The gravamen of this action is that on a certain date in June, 1958 and prior thereto this defendant committed adultery with a certain person, purporting to be his wife, and that as a result a child was born to the defendant and his said purported wife. The answer denies the material allegations of the complaint, and by way of defense alleges that said complaint fails to state sufficient facts to constitute a cause of action.
It appears that in a prior case in this court between the same parties, a decree was made and entered on February 15, 1949, declaring that a purported judgment of divorce, rendered in the courts of the State of Nevada, in which the defendant here was plaintiff and the plaintiff herein defendant, was fraudulent, null and void and of no effect in this State, and that the plaintiff herein still was and continued to be the wife of this defendant.
On plaintiff’s motion in the present action for temporary alimony and counsel fees, the defendant herein in his affidavit, sworn to July 21, 1958, stated that the instant 6 ‘ action is *518 academic ” and on page 3 swore as follows: “ I find it difficult to understand how it is claimed by the plaintiff that she recently made a startling discovery that I was married and living at * * * Roslyn Estates. I have made no secret of the fact that I remarried out of the state nor that I live at the above address with my wife and child.”
In view of the foregoing admission, it seems clear that the defendant’s resistance to this action will be limited, notwithstanding that subsequent to the making of his affidavit containing the said admission, the defendant interposed an answer containing a general denial.
In light of all these circumstances, the general rule with respect to examinations before trial concerning the husband’s financial condition and income does not apply. (Johnson v. Johnson, 285 App. Div. 900; Levi v. Levi, 182 Misc. 445.)
The motion is, therefore, granted as to items 1 and 2 of the notice and denied as to the remaining items.
Settle order fixing the time and place of the examination.