HELEN KIRSHNER, Appellant, v. HENRY KIRSHNER, Respondent.

Second Department, January 26, 1959.

*Carmine A. Ventiera* for appellant.

*Abraham Bisgaier* for respondent.

MURPHY, J. This is an action for divorce. The parties were married in 1947 and have a 10-year-old daughter. Undenied by respondent are factual allegations in the complaint that he has been living with another woman from 1955 to the "present time". Appellant, nevertheless, must satisfactorily prove adultery (Civ. Prac. Act, § 1150).

We have heretofore denied, as a matter of policy, examinations of husbands as to assets and income in matrimonial actions (*Safrin* v. *Safrin,* 205 App. Div. 628; *Horsch* v. *Horsch,* 206 App. Div. 710; *Hutaff* v. *Hutaff,* 208 App. Div. 745; *Woods* v. *Woods,* 228 App. Div. 842; *Fried* v. *Fried,* 230 App. Div. 708; *Schultz* v. *Schultz,* 258 App. Div. 971; *Augustin* v. *Augustin,* 277 App. Div. 777) unless special circumstances were presented (*Goshin* v. *Goshin,* 281 App. Div. 979; *Johnson* v. *Johnson,* 285 App. Div. 900). The denials were based on the ground that support was not in issue until a wife had established her right to judgment (*Van Valkenburgh* v. *Van Valkenburgh,* 149 App. Div. 482). This rule is not consonant with present practice (*Jasne* v. *Jasne,* 10 Misc 2d 59). The granting or denial of a motion for examination of a husband before trial as to his financial status should be left to the sound discretion of the Special Term.

The instant case is one in which the Special Term in its discretion should have permitted the examination of the husband as to his financial resources.

The order should be reversed, with $10 costs and disbursements, and the motion should be granted.

NOLAN, P. J., UGHETTA, HALLINAN and KLEINFELD, JJ., concur.

Order reversed, with $10 costs and disbursements, and motion granted.

Settle order on notice.