Shirley ft. Levittan, J.
In this criminal action the defendant is charged with false imprisonment on the complaint of his wife, and with the possession of various guns, drugs and other contraband all in violation of the Penal Law. Upon the trial, the wife has been called as a witness and the defendant husband objects to her being permitted to testify and raises the question of spousal privilege.
In New York, the general rule is that either party to a marriage is a competent witness in all cases (CPLR- 4512), except as to confidential matters arising from the marital relationship, which are privileged unless both parties to the marriage consent to the divulgence of such communications. (CPLR 4502.)
Consent to divulging privileged matters can either be actual or implied. It is actual when one party to the marriage is called upon to give testimony to such privileged knowledge at the behest of the other. It is implied when one spouse testifies to such matters without seasonable objection by the other. (Parkhurst v. Berdell, 110 N. Y. 386.)
In this case, the husband has twice consented to the divulgence of communications privy to the marital relationship. He called his wife as his witness on the hearing upon a motion to suppress and permitted her to testify in extenso as to privileged information. Secondly, on a preliminary hearing, the wife was called as the complaining witness and, besides giving testimony on tortious acts committed on her, testified about confidential matter beyond the purview of those acts, without objection by the husband. It was only at the conclusion of the entire hearing (at which one other witness testified subsequent to the wife) that the record discloses any attempt to claim privilege. Such attempt was not timely. Objection must be made before the confidential matter is disclosed. (See Lunham v. Lunham, 133 App. Div. 215.)
The defendant’s contention that the consent was restricted to the particular part of the proceeding in which the wife testified (i.e., the preliminary hearing and the motion to suppress) is without validity. Consent once given in a judicial proceeding operates as a waiver of the privilege (Richardson, *87 Law of Evidence [9th ed.], § 453) and the privileged communication so divulged can be used or elicited upon another judicial proceeding (People v. Bloom, 193 N. Y. 1). In the Bloom case the waiver by testimony in a civil negligence action was expressly held applicable to a subsequent criminal trial. There the Court of Appeals unanimously stated (p. 8): “when once waived, and made effectual by publication, it [the privilege] is waived for all time. ’ ’ Bloom concerned the physician-patient relationship, but the same principle is applicable here in this case to the husband-wife relationship. A waiver once given continues as to all future actions, and confidential information once having been made public, the privilege no longer exists. A fortiori such waiver at one stage of a criminal proceeding is a general waiver and not a special one; it persists and continues to all subsequent stages of the same proceeding.
The court finds that as to the confidential matter previously testified to by the wife on the preliminary hearing and on the motion to suppress, the privilege re marital communications has been waived, the veil of secrecy torn aside and the wife is no longer shielded from testifying about such otherwise privileged matter.
Privilege is a delicate flower. It must be zealously protected. But once destroyed, it is destroyed for all time.
Motion denied as indicated.