*428 OPINION OF THE COURT
William L. Underwood, Jr., J.
The facts in this matrimonial action present the interesting question of whether the court should grant plaintiffs motion for summary judgment and, as a consequence, deprive defendant of her day in court.
BACKGROUND
Plaintiff husband, who is 58 years old, sues for a divorce based on defendant’s adultery and cruel and inhuman treatment of him. Defendant wife, who is 34 years old, counterclaims for a divorce based on plaintiffs cruel and inhuman treatment of her.
The amended verified complaint alleges 5 causes of action and 3 are relevant to this motion. The first cause of action is that defendant committed adultery with Ralph Nathan on certain dates in 1977 and 1978 and at a certain location. The second cause of action alleges that defendant "has been living in adulterous intercourse” with Ralph Nathan since June of 1978. The third cause of action alleges that defendant "has committed numerous other adulteries” in certain places with certain men whose names are unknown to plaintiff. The answer denies these allegations.
On May 9, 1978, the undersigned granted defendant’s request for temporary alimony, child support and related relief.
FACTS
The basis of plaintiffs motion is that defendant testified at the criminal trial of Ralph Nathan and she made several admissions. Plaintiff submits a copy of the trial record and he seeks to use those admissions to establish his claim of defendant’s adultery with Ralph Nathan.
David Monaco, the complainant, signed a sworn deposition and testified at the trial that he met defendant for the first time at the Club Marakesh in Westhampton Beach on June 1, 1979 and that he was in her apartment at 5:25 a.m. when Ralph Nathan forced his way into defendant’s apartment, fought with him and cut his left hand with a knife.
Defendant testified that she knew Ralph Nathan for approximately two years and that she had a "boyfriend-girlfriend” relationship with him. Defendant stated that Ralph Nathan "had a key to the apartment and we were very close. I mean *429 we’re very close.” She gave the key to Nathan "when [she] got the apartment in December” and the court notes that defendant made this admission at Nathan’s trial which took place the following September. Defendant also testified that Nathan visited her at her apartment late in the evening on previous occasions.
Defendant then testified and she confirmed Monaco’s testimony that she first met him at the Club Marakesh "the night of the incident” and that Monaco was in her apartment at 5:25 a.m. Defendant stated that Monaco said to her that "somebody is at the door” and that "he got dressed, he put his pants on.” Defendant stated that she "stayed right where [she] was * * * in bed.” Defendant confirmed the knifing incident between Monaco and Ralph Nathan.
Plaintiff submits an affidavit by Marlit Wolfensteller in which she states that she has known defendant for more than five years and that she saw defendant "frequently in the company of Ralph Nathan.” She states that on one occasion defendant told her to come over to her apartment and that after she knocked on the door "there was a considerable delay, approximately five (5) minutes before there was any response.” Defendant opened the door and she was wearing a robe. Shortly thereafter, Ralph Nathan came out of the bedroom and he too, was wearing a robe. Wolfensteller continues that defendant "and I talked quietly about her relationship with Ralph Nathan. She indicated that she and Ralph were lovers”. Finally, plaintiff submits his own affidavit and he states, inter alla, that he has seen defendant "at the beach with Ralph Nathan frequently throught [sic] the summer of 1978.”
Defendant submits an opposing affidavit in which she states that "as to my relationship with 'Ralph Nathan’, it is not 'meritricious’ ” and that "the affidavit of Ms. Wolfensteller is a tissue of lies, and I deny the same.” Defendant concludes that "irrespective of the 'criminal trial’ of Ralph Nathan, I cannot have any rights summarily determined without an opportunity to show this Court that plaintiff is a liar”.
SUMMARY JUDGMENT IN MATRIMONIAL ACTIONS
CPLR 3212 (subd [a]) was recently amended (L 1978, ch 532, eff Jan. 1, 1979) to permit summary judgment to be utilized in a matrimonial action. Parenthetically the same law also repealed CPLR 3212 (subd [d]). Therefore, a motion for *430 summary judgment in a matrimonial action must be supported by affidavit by a person having knowledge of the facts, a copy of the pleadings, and by other available proof. The motion will be granted upon submission of the appropriate proof, but will be denied upon a showing of a triable issue of fact. Finally, partial summary judgment and a severance may be granted. (See CPLR 3212, subds [a], [bj, [c], [e].) In short, as one commentator has succinctly stated, the "evidentiary criteria applicable to summary judgment in cases generally will apply in marital actions as well” (Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1979-1980 Supplement, CPLR, C3212:29, p 72).
The language of cases that dealt with summary judgment in civil actions will now apply to matrimonial actions as well. The Court of Appeals in Capelin Assoc. v Globe Mfg. Corp. (34 NY2d 338, 341) stated that "On a motion for summary judgment the court is not to determine credibility, but whether there exists a factual issue, or if arguably there is a genuine issue of fact [citations omitted], 'This is so because the granting of such a motion is the procedural equivalent of a trial.’ [citation omitted]. 'A shadowy semblance of an issue is not enough to defeat the motion’, [citation omitted.]”
Courts have held that "When the movant’s papers make out a prima facie basis for a grant of the motion, the opposing party must 'come forward and lay bare his proofs of evidentiary facts showing that there is a bona fide issue requiring a trial * * * [He] cannot defeat this motion by general conclusory allegations which contain no specific factual references.’ Hanson v. Ontario Milk Producers Coop., Inc., 58 Misc.2d 138”. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C3212:16, p 437.) In other words, once a party seeking summary judgment has produced evidence making a prima facie case, the opposing party must submit evidentiary facts or material in rebuttal. (Indig v Finkelstein, 23 NY2d 728.) The courts have even gone so far as to state that "Once the moving party shows a prima facie case, it is not enough for the opponent to merely deny the movant’s presentation. 'He must state his version, and he must do so in evidentiary form’. (Kramer v. Harris, 9 A. D. 2d 282, 283.)” (Longo v Employers Liab. Assur. Corp., 36 AD2d 650, revd on other grounds 29 NY2d 860.) The court will not ordinarily weigh the credibility of the affiants, unless the facts sworn to *431 are patently untrue (see, e.g., Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439).
Finally, the Court of Appeals also has stated that "Summary judgment is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law. Since it deprives the litigant of his day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues [citation omitted]. But when there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated.” (Andre v Pomeroy, 35 NY2d 361, 364.)
ADULTERY
 In a matrimonial action like other actions a plaintiff has the burden of proving the material allegations of his or her complaint, including the allegation of adultery. (Roberge v Bonner, 185 NY 265; Kirshner v Kirshner, 7 AD2d 202.)
A finding of adultery must be based upon clear and convincing evidence (Moller v Moller, 115 NY 466) and not on mere suspicion (Dempsey v Dempsey 155 Misc 693, affd 244 App Div 792). Finally, a divorce may be granted if only a single act of adultery is found. (Kay v Kay, 235 App Div 25; Rathje v Rathje, 232 App Div 664.)
A leading treatise has summarized the evidence required for the court to grant a divorce on the ground of adultery and stated that "there need not be direct evidence of the actual commission of the offense charged, since adulterous acts are naturally secret and clandestine, and proof thereof must ordinarily be made by circumstantial and indirect evidence * * * It has frequently been stated that in order to establish a charge of adultery by circumstantial evidence, the plaintiff must prove opportunity, inclination and intent.” (1 Foster & Freed, Law and the Family — New York [rev ed], § 5:86; see, also, 11 Zett-Edmonds-Schwartz, NY Civ Prac, par 18.03 [4] [a].)
CONCLUSION
The evidence of defendant’s adultery with Ralph Nathan is *432 "clear and convincing” (Moller v Moller, supra) and is not based on mere suspicion.
Defendant has merely denied the "movant’s presentation” of her adultery and she has not submitted "evidentiary facts or material in rebuttal”. She states in the briefest of language that her relationship with Ralph Nathan was not "meritricious”. While her statement is entitled to be considered because she is, of course, a person "having knoledge of the facts,” she does not elaborate on this general conclusion. Defendant does not submit other "evidentiary facts” such as an affidavit from Ralph Nathan that their relationship was not "meritricious” or that her testimony under oath at Nathan’s trial was false. Plaintiff has sufficiently demonstrated, and defendant has not sufficiently overcome, defendant’s opportunity, inclination and intent to commit adultery with Ralph Nathan. (See, e.g., Graham v Graham, 157 App Div 52; Kerr v Kerr, 134 App Div 141; Lunham v Lunham, 133 App Div 215; Fleck v Fleck, 6 Misc 2d 202; Stebbins v Stebbins, 123 Misc 617.) Furthermore, defendant’s own testimony clearly indicates that she committed adultery with David Monaco and she does not deny this allegation in her reply affidavit. Since one act of adultery is sufficient to grant a divorce (Kay v Kay, supra; Rathje v Rathje, supra), plaintiff’s motion for summary judgment is granted on the third cause of action — adultery with a man or men whose name or names are unknown — as well.
[Portions of opinion omitted for purposes of publication.]