OPINION OF THE COURT
Richard H. Farley, J.
Plaintiff has moved for an order pursuant to CPLR 3212 directing summary judgment in its favor on the ground that there is no defense to its cause of action and defendants cross-move for an order pursuant to CPLR 1101 permitting them to defend as poor persons and further directing that they shall not be liable pursuant to CPLR *181 1102 (subd [d]) for any costs, fees, interest or disbursements sought in this action.
Defendants in opposition to plaintiff’s motion have not presented any evidence of material facts sufficient to create a triable issue of fact beyond the general denials in their answer. Their affidavit does not state the nature of their defense, if any, other than referring to the general denials of the answer, but serves only to support their cross motion. It is incumbent upon a party opposing a motion for summary judgment to assemble, lay bare and reveal its proofs to establish the existence of a genuine issue of fact for trial. (HNC Realty Co. v Bay View Towers Apts., 64 AD2d 417.) A party must show that the matters set forth in his answer are real and are capable of being established upon a trial. (Middle States Leasing Corp. v Manufacturers Hanover Trust Co., 62 AD2d 273.) It follows that the affidavits submitted to the court are not sufficient if they merely set forth conclusions or repeat the allegations contained in the pleadings. (Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255.) Plaintiff, on the other hand, has presented evidentiary facts clearly showing the validity of its cause of action as a matter of law and that there is no defense to the cause of action or triable issue of fact. This is sufficient to warrant the granting of summary judgment in its favor.
With respect to defendants’ cross motion, the fact that a party is a recipient of public assistance and has no available property to draw upon may establish a prima facie case that the party is entitled to the relief provided by CPLR 1101 and 1102. (Emerson v Emerson, 33 AD2d 1022.) This holds true despite the observations of others that CPLR 1101 and 1102 are a legislative creation, in derogation of common law, and must be strictly construed. (Matter of North Country Legal Servs., 94 Misc 2d 831.) CPLR 1101 (subd [a]) also provides, however, that the defendants make a showing of a meritorious defense. (People ex rel. Ware v Fay, 11 AD2d 733.) It is clear by the reasoning above that they have failed to do so. However, defendants were served in this action with a bare summons with notice. After appearing by attorney and making demand for complaint, they were served with a complaint *182 which set forth only the total balance allegedly due. The complaint sufficiently complied with the liberal rules respecting pleadings. However, defendants state they were uncertain of the amounts they owed. How were the defendants to know if they had a meritorious defense to the action prior to the plaintiff meeting its burden of proof by submitting copies of records of its computation? Justice dictates that the defendants derive the benefit of the statute to this point in the action. To rule otherwise would establish a catch-22 position — the defendants would not be relieved of costs unless they had established a meritorious defense but they would not be able to establish a meritorious defense, if any, without appearing in the action and subjecting themselves to the possible incursion of costs. Therefore, defendants’ application to defend as poor persons is granted, and the plaintiff, though successful in this action, is not entitled to costs. (CPLR 1102, subd [d]; Wilson v Metropolitan Life Ins. Co., 167 Misc 853, judgment revd, order affd 168 Misc 125.)
 Under the provisions of CPLR 8301 (subd [c]) if a party is not awarded costs, an allowance for disbursements is discretionary. (Van Patten v Sylvia, 76 Misc 2d 899.) For the same reasons that costs are denied plaintiff’s disbursements shall not be taxed in this action. However, plaintiff is entitled to its full interest upon unpaid principal pursuant to its contractual agreement with the defendants. To rule otherwise would abridge a contract right provided by the Constitution. (US Const, art I, § 10.)
Plaintiff’s motion for summary judgment for the amount of unpaid principal and accrued interest is therefore granted. Defendants’ cross motion to be relieved of liability as poor persons for the costs and disbursements of this action is also granted. Submit order in accordance with this decision.