OPINION OF THE COURT
Albert H. Buschmann, J.
The defendant, Spencer Tucker, moves pursuant to CPLR 3212 for an order granting plaintiff summary judgment on her first cause of action for divorce. The defendant also seeks to sever plaintiff’s second cause of action as well as all issues of ancillary relief.
The plaintiff wife commenced this action on December 12, 1978 seeking in her first cause of action a divorce upon the grounds of cruel and inhuman treatment. On July 3, 1980, defendant commenced his own action for divorce. On October 29, 1980, plaintiff wife’s motion for an order to discontinue her own action, pursuant to CPLR 3217 was granted by Special Term, and defendant’s cross motion for leave to serve an amended answer and counterclaim was denied. Plaintiff admittedly discontinued her action in order to institute a similar action under the new “Equitable Distribution” statute (Domestic Relations Law, § 236, part B). The Appellate Division reversed the order of the Supreme Court ruling that plaintiff could not discontinue her action while granting conditionally defendant’s cross motion to amend his answer. The Court of Appeals af *77 firmed the Appellate Division’s decision and deleted the conditions attached to the defendant’s motion to amend his answer.
The defendant’s present motion to grant the plaintiff summary judgment on her first cause of action is opposed by the plaintiff. She claims, based upon the defendant’s original answer as well as the long history of this case, that there remain triable issues of fact. Plaintiff maintains she no longer desires a divorce in this action and does not intend to support the allegations contained in her complaint. Further, plaintiff interprets the Court of Appeals decision in this matter (Tucker u Tucker, 55 NY2d 378), which ordered the plaintiff to continue this action, as requiring the defendant to present a defense. Under CPLR 3212 any party may move for a partial summary judgment and severance in a matrimonial action. (Salomon v Salomon, 102 Misc 2d 427.)
Here, the defendant moves for partial summary judgment in favor of the plaintiff, the nonmoving party. This practice is permissible under CPLR 3212 where the facts of a particular case warrant it. (Hickox v Hickox, 72 AD2d 688; Reardon v Reardon, NYLJ, July 23, 1981, p 12, col 1 [Duberstein, J.]; Kove v Kove, NYLJ, Nov. 5, 1981, p 11, col 1 [Calabretta, J.]; Meyer v Meyer, NYLJ, Nov. 13, 1981, p 17, col 2 [Duberstein, J.]; Douek v Douek, 112 Misc 2d 882.)
The plaintiff opposes the defendant’s motion for summary judgment by insisting that triable issues. of fact remain. Summary judgment may be granted at the discretion of the court upon submission of appropriate proof, but will be denied upon a showing of a triable issue of fact. (Salomon v Salomon, supra; Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338.)
The plaintiff’s verified complaint and affidavit present evidentiary facts supporting her first cause of action. Although the defendant originally denied those allegations, mere denials contained in an answer do not prove by themselves the existence of a triable issue of fact. (Marine Midland Bank v Labour, 107 Misc 2d 180.) Defendant’s denials have since been amended as per his request and *78 factual statements contained in the affidavit of April 12, 1982 thereby admitting plaintiff’s allegations concerning the first cause of action. It appears to this court that no triable issue of fact exists on the issue of divorce.
The plaintiff points out that it seems strange for the defendant to oppose her throughout the appeals in this action only to admit her allegations at this point. The court would like to point out to the plaintiff that it seems equally as strange for the plaintiff to oppose winning her own case. Her attempts to appeal this case were motivated by her desire to receive a divorce under the Equitable Distribution Law. It seems perfectly consistent that the defendant desired a divorce under the prior law but not under the Equitable Distribution Law.
While the Court of Appeals has spoken to the issue, preventing the plaintiff from dismissing her action (Tucker v Tucker, 55 NY2d 378, supra), plaintiff now attempts to do indirectly what she cannot do directly by opposing summary judgment in her favor. The plaintiff’s expression that she no longer desires, a divorce in this action and does not intend to support her complaint by presenting evidence can only be viewed at this point, as an attempt to thwart the court’s efforts to bring this matter to a conclusion. Plaintiff fails to submit any relevant evidence showing defendant’s statements to be untrue. When a party fails to submit factual evidence or reveal its proof as differing from the moving party’s facts, the motion for summary judgment may be granted. (Arrants v Dell Angelo, 73 AD2d 633; Erlich v Erlich, 80 AD2d 882.)
The arguments presented by both sides do not reflect a disagreement over the facts. The issue in dispute is not divorce, but which law will apply to the distribution of the assets. The Court of Appeals has settled this issue making it clear that the present action shall not be abandoned by the plaintiff. (Tucker v Tucker, supra; Valladares v Valladares, 55 NY2d 388.) The court finds no material issue of fact to be decided and under all the circumstances hereby (1) grants defendant’s motion for summary judgment in favor of the plaintiff on her first cause of action and (2) severs the ancillary issues to be decided at a hearing as the *79 court may instruct to be held within 60 days after service of a copy of the order to be entered herein.